CHRIS K. RIDDER
CA State Bar Number: 218691 (*pro hac vice* pending; will comply with LR IA 10-2 within 45 days)
Email: chris@rcjlawgroup.com
RIDDER, COSTA & JOHNSTONE LLP
California State Bar No. 218691
12 Geary Street, Suite 701
San Francisco, California 94108
Telephone: (415) 391-3311
Facsimile: (415) 358-4975

CHAD BOWERS
Email: bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant AZKAR CHOUDHRY, and Defendant and PAK.ORG.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>AZKAR CHOUDHRY, an individual; and PAK.ORG, a corporation of unknown origin and nature,<br><br>  Defendants. | Case No. 2:10-cv-02155-JCM-PAL<br><br>**ANSWER OF DEFENDANTS AZKAR CHOUDHRY AND PAK.ORG AND COUNTERCLAIM OF COUNTERCLAIMANT AZKAR CHOUDHRY**<br><br>**(JURY TRIAL DEMANDED)** |
| AZKAR CHOUDHRY, an individual,<br><br>  Counterclaimant,<br><br>  v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>  Counter-defendant. | |

Azkar Choudhry ("Choudhry") and Pak.Org ("Pak") ("Mr. Choudhry" refers to Choudhry and Pak.Org, collectively in the Answer, and to Azkar Choudhry alone in the Counterclaims) hereby respond to the Complaint of Plaintiff Righthaven LLC ("Righthaven") as follows:

## NATURE OF ACTION

1. Mr. Choudhry admits that Righthaven brings this action pursuant to the Copyright Act. Mr. Choudhry denies that he has committed copyright infringement.

## PARTIES

2. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. Mr. Choudhry denies the allegations contained in Paragraph 4 of the Complaint.

5. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Mr. Choudhry admits the allegations contained in Paragraph 6 of the Complaint.

7. Mr. Choudhry admits the allegations contained in Paragraph 7 of the Complaint.

8. Mr. Choudhry admits the allegations contained in Paragraph 8 of the Complaint.

9. Mr. Choudhry admits the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION

10. Mr. Choudhry admits that Federal District Courts have original subject matter jurisdiction over copyright infringement actions. Except as so admitted, Mr. Choudhry denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

1    13.    Mr. Choudhry denies the allegations contained in Paragraph 13 of the Complaint.

2    14.    Mr. Choudhry denies the allegations that he "displayed" the Work as that term is
used in 17 U.S.C. §106(5). Mr. Choudhry admits that the inline link
http://blog.makezine.com/_images_4822896-4-4.jpg (along with certain other content) appeared
on the http://www.paklinks.com web site automatically, by virtue of an automated RSS feed
published by a third party, from October 8, 2010, through December 12, 2010, and further admits
that the link was made inaccessible to the public two days <u>before</u> he was served with the
Complaint. Except as so admitted, Mr. Choudhry denies the remaining allegations contained in
Paragraph 14 of the Complaint.

15.    Mr. Choudhry admits that the image available at
http://blog.makezine.com/_images_4822896-4-4.jpg, during at least the period from October 8,
2010, through December 12, 2010 depicted the original source publication as the Las Vegas
*Review-Journal*. Except as so admitted, Mr. Choudhry denies the remaining allegations
contained in Paragraph 15 of the Complaint.

16.    Mr. Choudhry denies the allegations contained in Paragraph 16 of the Complaint.

17.    Mr. Choudhry denies the allegations contained in Paragraph 17 of the Complaint.

18.    Mr. Choudhry denies the allegations that he "displayed" the work as that term is
used in 17 U.S.C. §106(5). Mr. Choudhry admits that the web site http://www.paklinks.com was
and is accessible in Nevada. Mr. Choudhry admits that the inline link
http://blog.makezine.com/_images_4822896-4-4.jpg (along with certain other content) appeared
on the http://www.paklinks.com web site automatically, by virtue of an automated RSS feed
published by a third party, from October 8, 2010, through December 12, 2010. Except as so
admitted, Mr. Choudhry denies the remaining allegations contained in Paragraph 18 of the
Complaint.

19.    Mr. Choudhry denies the allegations contained in Paragraph 19 of the Complaint.

20.    Mr. Choudhry denies the allegations contained in Paragraph 20 of the Complaint.

**VENUE**

21. Mr. Choudhry denies the allegations contained in Paragraph 21 of the Complaint.

22. Mr. Choudhry denies the allegations contained in Paragraph 22 of the Complaint.

**FACTS**

23. Mr. Choudhry denies the allegations contained in Paragraph 23 of the Complaint.

24. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. Mr. Choudhry admits that Exhibit 3 to the Complaint purports to show that, on November 24, 2010, Righthaven applied to the United States Copyright Office for copyright registration in the text of a work that Righthaven referred to as "Vdara death-ray." Except as so admitted, Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. Mr. Choudhry denies the allegations that he "displayed" the Work as that term is used in 17 U.S.C. §106(5). Mr. Choudhry admits that the inline link http://blog.makezine.com/_images_4822896-4-4.jpg (along with certain other content) appeared on the http://www.paklinks.com web site automatically, by virtue of an automated RSS feed published by a third party, from October 8, 2010, through December 12, 2010, and further admits that the link was made inaccessible to the public two days <u>before</u> he was served with the Complaint. Except as so admitted, Mr. Choudhry denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Mr. Choudhry admits that he did not expressly seek permission from Righthaven to reproduce, display, or otherwise exploit the work. Mr. Choudhry denies that he did not have such permission, denies that such permission was not given either expressly or impliedly, denies any implication that such permission was necessary, denies any implication that he reproduced,

displayed, or otherwise exploited any of the exclusive rights of 17 U.S.C. § 106, and denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Mr. Choudhry denies the allegations contained in Paragraph 29 of the Complaint.

### CLAIM FOR RELEIF: COPYRIGHT INFRINGEMNT

30. Mr. Choudhry incorporates and realleges the Paragraphs of this Answer above.

31. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies them.

32. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies them.

34. Mr. Choudhry lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies them.

35. Mr. Choudhry denies the allegations contained in Paragraph 35 of the Complaint.

36. Mr. Choudhry denies the allegations contained in Paragraph 36 of the Complaint.

37. Mr. Choudhry denies the allegations contained in Paragraph 37 of the Complaint.

38. Mr. Choudhry denies the allegations contained in Paragraph 38 of the Complaint.

39. Mr. Choudhry denies the allegations contained in Paragraph 39 of the Complaint.

40. Mr. Choudhry denies the allegations contained in Paragraph 40 of the Complaint.

41. Mr. Choudhry denies the allegations contained in Paragraph 41 of the Complaint.

42. Mr. Choudhry denies the allegations contained in Paragraph 42 of the Complaint.

### DEFENSES

Mr. Choudhry asserts the following defenses, without regard to whether they are "affirmative" defenses or matters as to which Righthaven has the burden of proof.

### FIRST DEFENSE (FAILURE TO STATE A CLAIM)

43. Righthaven's complaint for copyright infringement fails to state a claim on which relief can be granted. Righthaven's prayer for relief asking the Court to order the registrar of the

domain "paklinks.com" to lock that domain and transfer control of it to Righthaven fails to state a claim on which relief can be granted.

### SECOND DEFENSE (NO INFRINGEMENT)

44. Mr. Choudhry does not infringe, has not infringed (directly, contributorily, vicariously, or otherwise), and is not liable for infringement of any valid and enforceable claim Righthaven may have in or to the Work.

### THIRD DEFENSE (FAIR USE)

45. Righthaven's claims are barred in whole or in part by the doctrine of fair use.

### FOURTH DEFENSE (MERGER)

46. Righthaven's claims are barred by the doctrine of merger.

### FIFTH DEFENSE (SCENES A FAIRE)

47. Righthaven's claims are barred by the doctrine of *scenes a faire*.

### SIXTH DEFENSE (DE MINIMIS NON CURAT LEX)

48. Plaintiff's claims are barred by the equitable doctrine that the law does not concern itself with trivial matters (commonly known as *de minimis non curat lex*).

### SEVENTH DEFENSE (LICENSE)

49. Righthaven's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Righthaven and/or the predecessor(s)-in-interest of the work-in-suit.

### EIGHTH DEFENSE (FIRST AMENDMENT)

50. Righthaven's claims are barred by the First Amendment to the United States Constitution.

### NINTH DEFENSE (CONSENT, WAIVER, ACQUIESCENSE, AND ESTOPPEL)

51. Righthaven's claims are barred by consent, waiver, acquiescence, and estoppel.

## TENTH DEFENSE (LACHES)

52. Righthaven's claims are barred by laches.

## ELEVENTH DEFENSE (STANDING)

53. Plaintiff's claims are barred because Plaintiff lacks standing.

## TWELFTH DEFENSE (INVALID COPYRIGHT REGISTRATION)

54. Righthaven's claims are barred or limited by virtue of an invalid and/or fraudulent copyright registration, in that Righthaven failed to disclose to the Copyright Office that the Work is a derivative work.

## THIRTEENTH DEFENSE (LIMITED COPYRIGHT CLAIM)

55. Righthaven's copyright rights are limited to the "text" of the Work, in part because in its application for copyright registration, Righthaven only claimed copyright rights in the "text" of the Work.

## FOURTEENTH DEFENSE (FAILURE TO MITIGATE DAMAGES)

56. Righthaven's claims are barred in whole or in part because Righthaven and/or the predecessor(s)-in-interest of the work-in-suit have failed to mitigate their damages, if any.

## FIFTEENTH DEFENSE (CONSTITUTIONAL LIMITATION)

57. Plaintiff's claims for statutory damages are barred or limited by the United States Constitution.

## SIXTEENTH DEFENSE (INNOCENT INFRINGEMENT)

58. Righthaven's damages, if any, are limited by Mr. Choudhry's innocent intent.

## SEVENTEENTH DEFENSE (COPYRIGHT MISUSE)

59. Righthaven's claims are barred in whole or in part by the doctrine of copyright misuse.

## EIGHTEENTH DEFENSE (UNCLEAN HANDS)

60. Righthaven's claims are barred by the doctrine of unclean hands.

**NINETEENTH DEFENSE (ILLEGALITY)**

61. Righthaven's claims are barred in whole or in part by the doctrine of illegality.

**TWENTIETH DEFENSE (BARRATRY, CHAMPERTY, AND MAINTENANCE)**

62. Righthaven's claims are barred in whole or in part because Righthaven is engaged in barratry, champerty, and maintenance.

**COUNTERCLAIMS**

Defendant and Counterclaimant Azkar Choudhry ("Mr. Choudhry") hereby brings the following Counterclaims against Plaintiff and Counterdefendant Righthaven, LLC ("Righthaven").

**INTRODUCTION**

63. This is part of a series of cases filed by Righthaven in furtherance of its "business model." Righthaven purportedly purchases copyrights to newspaper articles (in this case an illustration depicting the "death ray" created by a reflection of the Sun's rays off the Vdara Hotel and into its pool area (the "Infographic"), and an accompanying article); and then files infringement actions against individuals and small entities. Righthaven uses the threat of statutory damages, domain name seizures, and attorneys fees to extract low-value settlements from defendants. Counterclaimant is informed and believes that Righthaven subsequently shares a portion of the settlement proceeds with the newspaper that purportedly "sold" the copyright to Righthaven in the first place.

64. Mr. Choudhry has not infringed any Righthaven copyright. By his counterclaims, Mr. Choudhry seeks a declaration from the Court that he has not infringed, and seeks to hold Righthaven to account for its questionable business model.

**JURISDICTION**

65. The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

# PARTIES

**A.  Mr. Choudhry**

66. Mr. Choudhry is the long-time owner and operator of the paklinks.com and pak.org domains, both of which direct users to Mr. Choudhry's web site, GupShup. Gupshup is an Urdu word meaning "gossip" or "casual talk."

67. Pak.org is not an entity distinct from Mr. Choudhry. To the extent it were determined to be a distinct entity, the allegations in this Counterclaim would apply equally to both Mr. Choudhry and to Pak.org.

68. Mr. Choudhry's web site is a forum for like-minded community members to engage in discussions about a wide variety of interest areas, including travel, world affairs, philosophy, parenting, health, relationships, computer technology, business and fashion.

69. Mr. Choudhry began operating GupShup from his home in Houston, Texas, in 1994 – gradually added web-based forums as the World Wide Web became more popular, and transitioned the site to its current forum-centered format in 1998.

70. Today, GupShup has over 7.8 million individual posts across its diverse range of topic areas. In an average month, it receives more than 2 million page views from almost half a million unique visits from dozens of different countries around the world.

71. GupShup is a place where users from all over the world can come together and share their views: nearly forty percent of its users are from Pakistan and India, 18% of users originate from the U.S., and the remaining come to GupShup from many other countries around the globe.

72. Mr. Choudhry does not operate GupShup as a profit-making enterprise. Rather, he operates the site as a labor of love, and as a service to the hundreds of thousands of users who come each month to the site to engage in "casual talk" with each other.

73. Mr. Choudhry ran the site on an approximately break-even basis in 2009 and 2010; in prior years it has generally been a money-losing venture.

74. GupShup subscribes to several RSS feeds operated by third parties, in the interest of prompting conversation by, and providing useful information to, its visitors regarding the topics published by those feeds.

75. The software that runs the GupShup forums, vBulletin, checks for new content published through the RSS feeds to which GupShup subscribes on a regular and fully automated basis. If it finds new RSS content on a feed to which GupShup subscribes, it automatically posts that content to GupShup, without any human intervention.

76. The RSS feed sub-forums get relatively little traffic – as little as 0.28% of site traffic on any given day is attributable to RSS feed sub-forums – and they have little or no posting activity.

77. Mr. Choudhry estimates that revenue from all of the RSS forums combined amounts to less than $5.00.

78. The post at issue in this case was viewed 89 times by an estimated 30 unique users, amounting to no more than a few pennies in advertising revenue being attributable to the individual post.

**B.     Righthaven LLC**

79. Mr. Choudhry is informed and believes and therefore alleges that Righthaven LLC is a Nevada limited liability company.

80. Mr. Choudhry is informed and believes and therefore alleges that Righthaven was formed in March 2010 with the express aim of acquiring copyrights to newspaper content for the sole purpose of filing suit against those blogs and web sites that re-post or link to copies of that content on the internet without permission.

81. Mr. Choudhry is informed and believes and therefore alleges that Righthaven intends to generate revenue solely through litigation.

82. Mr. Choudhry is informed and believes and therefore alleges that a principal aspect of Righthaven's business model is to file copyright infringement lawsuits in the hopes of intimidating defendants into quickly settling for amounts in the four-figure range.

83. Righthaven routinely demands statutory damages for willful infringement, plus attorney's fees, plus forfeiture of defendants' domain names.

84. Mr. Choudhry is informed and believes and therefore alleges that most – if not all Righthaven cases that have settled – have settled for less than five figures.

85. Mr. Choudhry is informed and believes and therefore alleges that, as of the filing of this Answer and Counterclaim, Righthaven has no market for the copyrighted works it purports to own, other than the settlements it extracts in litigation.

86. As of the filing of this Answer and Counterclaim, Righthaven has filed over 200 lawsuits to enforce copyrights it has acquired.

87. Mr. Choudhry is informed and believes and therefore alleges that at no time does Righthaven, in any manner, inform any defendant of allegedly infringing material on the defendant's web site before filing suit against that defendant.

88. Mr. Choudhry is informed and believes and therefore alleges that at no time does Righthaven ever use the provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512, to notify any defendant of claimed infringements on the defendant's web site before filing suit.

89. Mr. Choudhry is informed and believes and therefore alleges that Righthaven's business practice, including in this case, is to search the internet for excerpts of content originally published by its media partners – including the Las Vegas Review-Journal newspaper ("LVRJ").

90. Mr. Choudhry is informed and believes and therefore alleges that, on multiple occasions, after finding such an excerpt, Righthaven has purported to purchase the relevant copyright from LVRJ, register the copyright, and then file suit for infringement of the copyright.

91. Mr. Choudhry is informed and believes and therefore alleges that Righthaven is already in the process of preparing more of these copyright infringement lawsuits.

92. Mr. Choudhry is informed and believes and therefore alleges that Righthaven's business plan is to expand this pattern by obtaining more copyright rights in content from other newspapers and filing even more lawsuits.

**FACTUAL BACKGROUND**

93. On or about September 25, 2010, the LVRJ published a news article entitled, "Vdara visitor: 'Death ray' scorched hair."

94. The article concerns the Vdara Hotel at CityCenter in Las Vegas, which has the peculiar quality of reflecting sunlight into a 10-foot by 15-foot area hot enough to melt plastic cups and bags, and even to burn human hair.

95. Three images – two photographs and the Infographic, the latter of which illustrates the precise angle and characteristic of the solar convergence – accompanied the article.

96. On or about October 7, 2010, the Make Magazine ("Make") blog, http://blog.makezine.com, published a post entitled, "Can a Building Be a Sun-Death Ray? Yes!" [Pl.'s Compl., Ex. 2].

97. Make's post included the Infographic, a link to an article published in Wired Magazine about the optical and mathematical properties of curved buildings, a link to the LVRJ article, and a photograph from a prior issue of Make Magazine depicting a home-made Solar Death Ray.

98. As it typically does with its blog posts, Make made its October 7, 2010 post available via its RSS feed: a feed to which the GupShup web site subscribed.

99. On October 8, 2010, due to the automatic operation of the vBulletin software, the text of the Make post, along with inline links to the images incorporated in the Make post, appeared automatically and without human intervention in GupShup's "RSS:Gadgets" sub-forums. [Pl.'s Compl., Ex. 2].

100. Mr. Choudhry never published, hosted, copied, distributed, displayed, or made any copyright-related use of the Infographic – he merely linked to that image, which at all times relevant to this case has resided at the same location on Make's server.

101. Attached hereto as Exhibit A is a true and correct copy of the HTML code for the web page http://www.paklinks.com/gs/rss-gadgets/467788-can-a-building-be-a-sun-death-ray-

yes.html, as it appeared on December 12, 2010, and at all other times relevant to this case. This is the source code that in fact generated Exhibit 2 of Plaintiff Righthaven's Complaint.

102. The portion of the source code that reflects the Make Magazine RSS feed is located between lines 811 and 817.

103. Line 811 of the source code contains the image tag for the Infographic that Righthaven has accused Mr. Choudhry of infringing: "<img src="http://blog.makezine.com/_images_4822896-4-4.jpg" border="0" alt="" onload="NcodeImageResizer.createOn(this);" />"

104. The HTML instructions in the image tag tell a user's browser to locate the image at the address http://blog.makezine.com/_images_4822896-4-4.jpg – not at Mr. Choudhry's GupShup server or at any server Mr. Choudhry owns, operates, or has the right or ability to supervise or control.

**FIRST CAUSE OF ACTION**

**(Declaration of No Copyright Infringement)**

105. Mr. Choudhry incorporates and realleges paragraphs 1-104, above.

106. Righthaven alleges infringement of its exclusive rights under 17 U.S.C. §§ 106(1)-(3), and (5).

107. Mr. Choudhry did not copy, modify, distribute, publicly display, or prepare a derivative work based on the Infographic or any other work at issue in this case.

108. Mr. Choudhry merely posted an inline link to the work, and not the work itself.

109. Mr. Choudhry did not engage in any volitional act of copyright infringement.

110. Mr. Choudhry's use of the work (if any), was noninfringing by virtue of the fair use doctrine.

111. Mr. Choudhry's use of the work (if any), was noninfringing by virtue of the doctrine of *scenes a faire*.

112. Mr. Choudhry did not infringe any copyright, because any non-derivative creative expression that may have been incorporated into the Work was trivial, and/or must be deemed to

have merged with the underlying idea of a solar death ray reflecting off the Vdara Hotel and into its pool area.

113. Mr. Choudhry did not infringe any copyright, because any alleged use, and any alleged harm to Righthaven, was *de minimis*.

114. Based on the circumstances described above, Mr. Choudhry has not infringed Righthaven's rights under 17 U.S.C. § 106(1).

115. Based on the circumstances described above, Mr. Choudhry has not infringed Righthaven's rights under 17 U.S.C. § 106(2).

116. Based on the circumstances described above, Mr. Choudhry has not infringed Righthaven's rights under 17 U.S.C. § 106(3).

117. Based on the circumstances described above, Mr. Choudhry has not infringed Righthaven's rights under 17 U.S.C. § 106(5).

118. Righthaven failed to mitigate its damages, if any.

119. Based on the circumstances described above, neither Mr. Choudhry nor Pak.org have infringed Righthaven's copyright and are entitled to a declaration to that effect.

## SECOND CAUSE OF ACTION

### (Champerty)

120. Mr. Choudhry incorporates and realleges paragraphs 1-119, above.

121. Mr. Choudhry is informed and believes and therefore alleges that Righthaven has no legitimate interest in this suit.

122. At the time the alleged infringement occurred, no right in or to the Infographic was owned by Righthaven. [*See* Pl.'s Compl., Exs. 2, 3 (showing assignment date after purported infringement)].

123. Mr. Choudhry is informed and believes and therefore alleges that Righthaven expends its own time, money, and/or resources to inspect the internet for purported infringements of content it does not own.

124. Mr. Choudhry is informed and believes and therefore alleges that in this case Righthaven expended its own time, money, and/or resources to inspect the internet for purported infringement of the work it alleges is infringed in this action, and thereby identified Mr. Choudhry as a potential defendant.

125. Mr. Choudhry is informed and believes and therefore alleges that, after Righthaven identified this purported infringement, it attempted to acquire copyright rights in the allegedly infringing work from Stephens Media, the purported original owner of copyright in and to the work. [*See* Pl.'s Compl., Ex. 3 (showing Stephens Media as assignor of the copyright)].

126. Mr. Choudhry is informed and believes and therefore alleges that Righthaven expends its own time, money, and/or resources to prepare complaints and prosecute copyright infringement actions based upon such works.

127. Mr. Choudhry is informed and believes and therefore alleges that in this case Righthaven expended its own time, money, and/or resources to prepare its Complaint and to otherwise prosecute this action.

128. Mr. Choudhry is informed and believes and therefore alleges that Righthaven enters into agreements through which Righthaven and said content providers share the proceeds of successfully prosecuted copyright infringement actions and of extra-judicial settlements related thereto, and that there are one or more such agreements applicable to this action.

129. Mr. Choudhry is informed and believes and therefore alleges that Righthaven has made a bargain with Stephens Media, owner of the LVRJ, whereby Righthaven is entitled by the bargain to share in the proceeds of this action.

130. Mr. Choudhry is informed and believes and therefore alleges that Stephens Media would not have brought this action but for Righthaven's intermeddling as described above.

131. Based on the circumstances described above, Righthaven is liable for champerty.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Choudhry respectfully requests the following relief:

a. That the Court enter judgment in favor of Mr. Choudhry and Pak.org and against Righthaven on all causes of action of its Complaint;

b. That the Court enter judgment in favor of Mr. Choudhry and against Righthaven on Mr. Choudhry's Counterclaims;

c. That the Court award Mr. Choudhry costs of suit, including attorney's fees;

d. That the Court grant such additional relief as is just and equitable; and

e. That the Court award damages according to proof.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimant hereby demand a jury trial of all issues that may be tried to a jury in this action.

Dated: January 18, 2010        RIDDER, COSTA & JOHNSTONE LLP

By:      /s/ Chris K. Ridder
CHRIS K. RIDDER
CA State Bar Number: 218691 (*pro hac vice* petition pending; will comply with LR IA 10-2 within 45 days)
12 Geary Street
San Francisco, CA 94108

CHAD A. BOWERS, LTD.
By:      /s/ Chad A. Bowers
CHAD A. BOWERS
NV State Bar Number: 7283
3202 W. Charleston Blvd.
Las Vegas, Nevada 89102

Attorneys for Defendant and Counterclaimant AZKAR CHOUDHRY and Defendant PAK.ORG.