CHRIS K. RIDDER
CA State Bar Number: 218691 (*pro hac vice*)
Email: chris@rcjlawgroup.com
RIDDER, COSTA & JOHNSTONE LLP
California State Bar No. 218691
12 Geary Street, Suite 701
San Francisco, California 94108
Telephone: (415) 391-3311
Facsimile: (415) 358-4975

CHAD BOWERS
Nevada State Bar No. 7283
Email: bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant
AZKAR CHOUDHRY, and Defendant and
PAK.ORG.

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AZKAR CHOUDHRY, an individual; and PAK.ORG, a corporation of unknown origin and nature,<br><br>Defendants.<br><br>---<br><br>AZKAR CHOUDHRY, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Counter-defendant. | Case No. 2:10-cv-02155-JCM-PAL<br><br>**COUNTERCLAIMANT AZKAR CHOUDHRY'S OPPOSITION TO COUNTER-DEFENDANT RIGHTHAVEN LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(f)** |

1    Mr. Choudhry hereby opposes Righthaven's Motion to Dismiss or, in the Alternative,

2  Strike Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f) [Righthaven's

3  Motion, Dkt. #22]. Mr. Choudhry has asserted counterclaims against Righthaven for (i) a

4  declaration of no copyright infringement [Answer and Counterclaims, Dkt. #8, ¶ 44] and (ii)

5  champerty [Id., ¶ 62]. In its Motion, Righthaven's sole argument for dismissal of those

6  counterclaims is that they are purportedly duplicative of the Complaint and/or Mr. Choudhry's

7  defenses of noninfringement and champerty respectively. Mr. Choudhry's counterclaim for

8  declaratory judgment of noninfringement is not duplicative, in part because it seeks an

9  affirmative declaration that Righthaven does not own the copyright at issue and that the

10  copyright is invalid. In addition, the counterclaim serves the useful purpose of preventing

11  Righthaven from dismissing its Complaint in an attempt to avoid liability for attorneys' fees

12  pursuant to Section 505 of the Copyright Act. Finally, Mr. Choudhry, who may be subject to

13  future litigation threats from Righthaven, is entitled to a judicial determination that his practice

14  of allowing third-party RSS feeds to automatically post inline links to his web site is not

15  actionable and is fair use. The champerty counterclaim is similarly not duplicative – as an

16  affirmative tort claim, it provides an alternative basis for an award of fees, as well as additional

17  damages. Accordingly, the Court should deny Righthaven's Motion, and allow Mr. Choudhry's

18  counterclaims to proceed to a judicial determination.

19  **I.    MR. CHOUDHRY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT
20         SHOULD NOT BE DISMISSED**

21     **A.    Declaratory Judgment Counterclaims Are Routinely Permitted In
22            Intellectual Property Cases.**

23     A pleading must contain a "short and plain statement of the claim showing that the

24  pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must give Righthaven "fair notice of

25  what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544,

26  555 (2007) (internal quotation and modification omitted). Choudhry has met these requirements,

27  and Righthaven does not contest that he has.

28

1    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Courts "may declare the

2   rights and other legal relations of any interested party seeking [a] declaration" of those rights so

3   long as an "actual controversy within its jurisdiction" exists.  28 U.S.C. § 2201. Righthaven has

4   challenged neither the actual controversy nor the jurisdictional requirement of that test. Rather,

5   Righthaven seeks to dismiss or strike the first counterclaim as "redundant." Although "[s]ome

6   courts still hold to an earlier proscription against declaratory judgment counterclaims . . . finding

7   them . . . redundant . . .[t]hese decisions appear unjustified under the text of [Fed. R. Civ. P.] 13."

8   3-13 Moore's Federal Practice - Civil § 13.41. *See also, Cardinal Chem. Co. v. Morton Int'l*, 508

9   U.S. 83, 96 (1993) (when "a party has actually been charged with infringement of the patent,

10   there is, *necessarily*, a case or controversy adequate to support jurisdiction of a complaint, or a

11   counterclaim, under [28 U.S.C. § 2201]") (emphasis in original). A counterclaim for declaratory

12   relief is proper if the relief "could have been made the basis of a separate suit in equity."

13   *Dominion Electrical Mfg. Co. v. Edwin Wiegand Co.*, 126 F.2d 172, 173 (6th Cir. 1942).

14    Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in

15   clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief

16   from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Broadcom Corp.*

17   *v. Qualcomm Inc.*, 2009 U.S. Dist. LEXIS 21012, at *38 (S.D. Cal. Mar. 11, 2009) (quoting

18   *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986), and declining to dismiss counterclaim for

19   declaratory relief).

20    "[I]n the field of patent litigation the federal courts almost unanimously have held that

21   when plaintiff's claim is for patent infringement, defendant may counterclaim for a declaration

22   of the invalidity or noninfringement of the patent." Wright, Miller & Kane, 6 Federal Practice &

23   Procedure § 1406 (3d. ed.) (citations omitted). Indeed, this would be true even if the

24   counterclaim were redundant (which it is not here). *See, e.g., Nu Sci. Corp. v. eFasteam.com*,

25   2004 U.S. Dist. LEXIS 17763, at *8 (N.D. Cal. Aug. 24, 2004) ("While [counter defendant] may

26   be correct that [claim for declaratory relief of no infringement] seeks relief that is redundant to

27   averments made in [counterclaimant's] answer, such is not a proper basis for dismissing this

28   counterclaim."); *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1381 (D. Kan.

1   1997) (rejecting as "without merit" motion to dismiss counterclaims as redundant to underlying

2   claim); *Castaline v. Aaron Muellers Arts*, 2010 U.S. Dist. LEXIS 13111, at *5 (N.D. Cal. Feb.

3   16, 2010) ("In the patent and trademark realm, courts have found that counterclaims alleging

4   patent or trademark invalidity should not be dismissed as redundant under Rule 12(f).").

5       Even those courts that have held redundant counterclaims subject to dismissal have

6   hewed to a very narrow definition of redundancy. *See, e.g., Pettrey v. Enter. Title Agency, Inc*.,

7   2006 U.S. Dist. LEXIS 83957, at *3 (N.D. Ohio Nov. 17, 2006) (collecting cases, and noting that

8   courts generally dismiss or strike a redundant counterclaim only when "it is clear that there is a

9   complete identity of factual and legal issues between the complaint and the counterclaim.")

10  (quoting *Aldens, Inc. v. Israel Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975)); *Stickrath v.

11  Globalstar, Inc*., 2008 U.S. Dist. LEXIS 95127, at *10-11 (N.D. Cal. May 13, 2008) ("it is not

12  always appropriate to strike declaratory judgment counterclaims simply because they concern the

13  same subject matter . . . as the complaint. The court should focus on whether the counterclaims

14  "serve any useful purpose," and dismiss only in cases of "complete identity.") (quoting *Pettrey*,

15  2006 U.S. Dist. LEXIS 83957, at *3).

16      **B.**    **Mr. Choudhry's Declaratory Judgment Counterclaim Is Not Redundant.**

17      Declaratory judgment counterclaims in intellectual property cases ensure adjudication of

18  the issues that the counterclaimant desires to resolve but that might not otherwise be reached in

19  adjudicating the Complaint. *See, e.g., Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 91-92 (2d

20  Cir. 1939) (overruling district court's dismissal of counterclaim as duplicative of underlying

21  infringement claim); *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 2010 U.S. Dist. LEXIS

22  25084 (N.D. Fla. Mar. 17, 2010) (refusing to dismiss counterclaim where it raised the possibility

23  of the copyright's invalidity); *MRSI Int'l, Inc. v. Bluespan, Inc.*, 2006 U.S. Dist. LEXIS 68891

24  (D. Utah Sep. 20, 2006) (refusing to dismiss counterclaims as duplicative of underlying claims or

25  affirmative defenses because the court could potentially adjudicate the underlying claims without

26  reaching issues in declaratory relief counterclaim). Indeed, because Mr. Choudhry's Answer

27  must respond to the claim as framed by Righthaven, the counterclaims are an opportunity for Mr.

28  Choudhry to articulate the factual and legal issues that he claims must be decided and, in so

1  doing, define the issues subject to discovery (*e.g.*, the precise nature and character of

2  Righthaven's alleged copyright assignments), expert testimony (*e.g.*, regarding market harm to

3  Righthaven), and later adjudication whether by the Court or by a jury of Mr. Choudhry's peers.

4        Even dismissal of the Complaint with prejudice is no substitute for adjudication of Mr.

5  Choudhry's first counterclaim. *See Castaline*, 2010 U.S. Dist. LEXIS 13111 at *6 (noting that in

6  intellectual property cases, declaratory judgment counterclaim should not be dismissed "because

7  a plaintiff alleging patent or trademark infringement may terminate the litigation, and leave the

8  issue of patent or trademark validity unresolved") (citing *Dominion*, 126 F.2d at 175). In order to

9  establish a definitive ruling on the legality of his conduct going forward and to prevent the

10  unnecessary chilling of his speech and of the speech of his web site's members, Mr. Choudhry's

11  first counterclaim affirmatively seeks a declaration that no copying, no modification, no

12  distribution, no public display, and no preparation of derivative works based on the allegedly

13  infringed work, or any other work, is possible because Mr. Choudhry only offered an inline link

14  to that work. (Answer and Counterclaims, ¶¶ 107, 108), because he did not engage in any

15  volitional act of copyright infringement (¶ 109), because his use (if any) was a fair use (¶ 110),

16  because his use of the work (if any) was noninfringing by virtue of the doctrine of *scenes a faire*

17  (¶ 111), because his use was *de minimis* (¶ 113) and because Righthaven failed to mitigate its

18  damages, if any, surrounding the purported infringement (¶ 118). Mr. Choudhry's counterclaim

19  also seeks a declaration that the work is invalid and/or unenforceable, in part because the work is

20  not entitled to copyright protection under the doctrine of merger (¶ 112), and because Righthaven

21  is not the real party in interest and does not own the work (validity and ownership are inherent to

22  Mr. Choudhry's noninfringement counterclaim). [1]

23        Counterclaims seeking a declaration consistently survive resolution of infringement

24  claims in part because such counterclaims are independent of a plaintiff's infringement claim.

25
26
27
28

---

[1] In a heavily-redacted document filed March 4, 2011, by Democratic Underground in its case against Righthaven, Democratic Underground argues that new evidence recently produced to it by Stephens Media demonstrates that Stephens, not Righthaven, is the real party in interest. *See* Case No. 10-cv-01356-RLH (GWF), Dkt. #72-1 at 5-6. Accordingly, it appears there is a very real possibility that Righthaven does not own the copyright at issue in this or any other case.

1  *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (holding that "case or

2  controversy" in patent suit survives the resolution of the infringement claim when a counterclaim

3  for invalidity still remains unresolved, as a "declaratory judgment of invalidity presents a claim

4  independent of the patentee's charge of infringement"). The same is true even when an

5  infringement claim is resolved with prejudice against the plaintiff. *See, e.g., Diamonds.net LLC*

6  *v. Idex Online, Ltd.*, 590 F. Supp. 2d 593, 603 (S.D.N.Y. 2008) (noting "importance to the public

7  at large of resolving questions of . . . validity"); *AIR-vend, Inc. v. Thorne Indus., Inc.*, 625 F.

8  Supp. 1123, 1126-27 (D. Minn. 1985). The Supreme Court's reasoning in *Cardinal* applies *a*

9  *fortiori* in the copyright context. Mr. Choudhry's first counterclaim presents "a claim

10  independent of [Righthaven's] charge of infringement," in that it seeks declaration regarding the

11  validity of the rights asserted now – and that may be asserted in the future – by Righthaven

12  against Mr. Choudhry, his web site, and its members. *Cardinal*, 508 U.S. at 96.

13          Judicial declarations regarding these issues are both reasonable and critically necessary to

14  protect Mr. Choudhry from additional harassing lawsuits in the future. Righthaven's claims chill

15  Mr. Choudhry's speech even now – he has already removed the post at issue and altered his web

16  site to exclude the RSS feed that provided the inline link here in question. Failure to resolve the

17  issues presented in the first counterclaim will prolong and intensify this chilling effect – not just

18  as to Mr. Choudhry's speech but as to the speech of his web site's many members and other

19  Righthaven defendants. *See, e.g., Vietnam Veterans of Am. v. CIA*, 2010 U.S. Dist. LEXIS 3787,

20  at *19 (N.D. Cal. Jan. 19, 2010) (declaratory relief regarding legality of secrecy oaths could be

21  pursued as it could "avoid potential future litigation by clarifying whether veterans may discuss

22  their experiences without facing consequences"); *Dominion*, 126 F.2d at 175 (declaratory

23  judgment counterclaim allows defendant to "represent not only himself, but in a sense, also the

24  public" in freeing the restraint of invalid claims).

25

26

27

28

### C. The Declaratory Judgment Counterclaim Will Limit Righthaven's Ability to Unilaterally Dismiss Its Complaint For The Purpose Of Avoiding Liability For Attorneys' Fees And Costs.

Righthaven's motivation to dismiss Mr. Choudhry's counterclaims may result from its desire to reserve to itself the ability to eject from this case once it becomes clear that Mr. Choudhry will prevail – in an attempt to avoid its liability for attorneys' fees and costs. This is not a mere theoretical possibility: in *Righthaven LLC v. Democratic Underground, LLC et al*, No. 10-cv-01356- RLH, Righthaven sought to dismiss its claim of copyright infringement following compelling arguments made by Defendant Democratic Underground that Righthaven's case was baseless. *See* Case No. 10-01356, Dkt. 36.

Mr. Choudhry fears the same tactic. In his own Motion to Dismiss [Dkt. #9] and in responsive filings related thereto, Mr. Choudhry has presented powerful and incontrovertible evidence that his use does not infringe the Righthaven work here at issue as a matter of law. Righthaven should not be permitted to preserve its ability to voluntarily dismiss this case in an attempt to avoid paying fees, or in an attempt to deny Mr. Choudhry a declaration of his rights in this matter. Allowing Righthaven to walk away from its losing claim would afford it all the power of the judicial process without forcing it to accept any accountability for potential misuse of that process.

Although Fed. R. Civ. P. 41 "affords some measure of protection to defendants . . .  it is limited to a dismissal upon such terms and conditions as the court deems proper." *Dominion*, 126 F.2d at 174. *See also, Pettrey v. Enter. Title Agency, Inc.*, 2006 U.S. Dist. LEXIS 83957, at *9 (N.D. Ohio Nov. 17, 2006) ("[i]n the past, mirror-image declaratory judgment counterclaims served the purpose of preventing tactical dismissals by plaintiffs," and although Rule 41 makes this less likely to occur if claims and counterclaims are "truly identical," courts should deny a request to dismiss such a counterclaim early in litigation.) (citing Wright, Miller & Kane, 6 Federal Practice & Procedure 2d § 1406). At the very least, an attempt at voluntary dismissal by Righthaven in the absence of a declaratory judgment counterclaim would threaten to multiply these proceedings.

It is highly likely that Mr. Choudhry will be entitled to a fee award in this case. Under similar circumstances, courts have repeatedly recognized that the motivations underlying serial nuisance suits are not supported by the Copyright Act and accordingly must be deterred and recompensed by an award of attorneys' fees. *See, e.g., Video- Cinema Films, Inc. v. CNN, Inc.*, 2003 U.S. Dist. LEXIS 4887, at *15-16 (S.D.N.Y. Mar. 30, 2003) (fees appropriate where plaintiff acquired copyright rights in "an elaborate scheme to place himself in a position to sue," then demanded quick settlements despite obvious fair use by the defendants); *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 896 (6th Cir. 2004) (attorneys' fees were appropriate where plaintiff's "choice to sue hundreds of defendants all at the same time, regardless of the strength of the individual claims" resulted in their "dragnet inevitably [sweeping] up parties against whom they had little or no chance of succeeding").

Courts recognize the importance of "encouraging the creators of works of commentary and criticism to litigate the fair use defense . . . by compensating them for their legal expenses [as this] will enrich the public by increasing the supply and improving the content of commentary and criticism." *Hofheinz v. AMC Prods., Inc.*, 2003 U.S. Dist. LEXIS 16940, at *20-21 (S.D.N.Y. Sep. 1, 2003). *See also, Tavory v. NTP, Inc.*, 297 Fed. Appx. 986, 991 (Fed. Cir. 2008) (awarding fees to a prevailing defendant on a fair use defense); *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 411 (5th Cir. 2004) (same); *Bond v. Blum*, 317 F.3d 385, 398 (4th Cir. 2003) (same); *Mattel, Inc. v. Walking Mt. Prods.*, 2004 U.S. Dist. LEXIS 12469, at *4-5 (C.D. Cal. June 21, 2004) (same). Righthaven should not be permitted to preemptively lay the groundwork for a future attempt at voluntary dismissal to avoid fees and costs that are clearly warranted in this case.

### D.   It Would Be Premature To Dismiss Mr. Choudhry's Declaratory Judgment Counterclaim At This Stage Of The Proceedings.

A declaratory judgment counterclaim "should not [be] stricken out summarily in advance of the trial" because, "[w]hile it may turn out at trial that a decision on the merits of the plaintiff's [claim] will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, . . . it was

1   error to strike out the counterclaim at so early a stage." *Dominion*, 126 F.2d at 174 (*quoting*

2   *Leach*, 104 F.2d at 91); *see also, Stickrath*, 2008 U.S. Dist. LEXIS 95127, at *14 (early dismissal

3   of a declaratory judgment counterclaim might "ignore[] the possibility that it is very difficult to

4   determine whether the declaratory judgment counterclaim really is redundant prior to trial.")

5   (quoting Wright, Miller & Kane, 6 Federal Practice & Procedure 2d § 1406 at 34).

6        Mr. Choudhry is entitled to a resolution of the issues surrounding the validity, ownership

7   and enforceability of Righthaven's copyright, so that he may continue to operate his web site

8   without further fear of retaliation from Righthaven. *See also*, *Blackmer v. Shadow Creek Ranch*

9   *Dev. Co.*, 2007 U.S. Dist. Lexis 99224, at *4-5 (S.D. Tex. June 21, 2007) (there is a "qualitative

10   difference between merely prevailing in Plaintiff's lawsuit, and receiving an affirmative

11   declaration of rights"); *Dominion*, 126 F.2d at 174 (while "[o]ne defendant exonerated of

12   infringement may be content with such adjudication, another may not . . . [since] the mere

13   exoneration from infringement does not always meet the necessities of a wrongfully accused

14   defendant.").

15   ## II.   MR. CHOUDHRY'S COUNTERCLAIM FOR CHAMPERTY SHOULD NOT BE DISMISSED

16

17        Mr. Choudhry's counterclaim for champerty is not duplicative of his Twentieth Defense

18   (for barratry, champerty, and maintenance). Rather, Mr. Choudhry's defense seeks to negate his

19   liability, while the counterclaim seeks to impose affirmative liability on Righthaven, in the form

20   of an alternative basis for an award of attorneys' fees and costs, and as a basis for the award of

21   additional damages.

22        Nevada recognizes the common law doctrine of champerty as a cause of action for

23   affirmative relief. *Del Webb Cmtys., Inc. v. Partington*, No. 08-cv-00571, 2009 U.S. Dist. LEXIS

24   85616 (D. Nev. Sept. 17, 2009). It is well settled that Plaintiffs who prevail on a cause of action

25   for champerty are entitled to damages, which may include compensatory damages, punitive

26   damages, and attorney's fees. *See e.g., Levine v. March*, 266 S.W.3d 426, 438 (Tenn. Ct. App.

27   2007) ("Parties who have been harmed by a champertous transaction may seek to set aside the

28   conveyance or to recover damages or both."); *Toste Farm Corp. v. Hadbury, Inc.*, 798 A.2d 901,

1    905-906 (R.I. 2002) (allegation that attorney third-party defendants promised former client that

2    they would fund litigation against plaintiff to prevent former clients from suing them for

3    malpractice supported a cause of action for "actionable maintenance" under Rhode Island law);

4    *Schnabel v. Taft Broadcasting Co.*, 525 S.W.2d 819, 824 (Mo. Ct. App. 1975) (although

5    defendant's interest in the action warranted dismissal of a claim for champerty, the Missouri

6    court specifically found tort claims for damages for champertous misconduct were still alive and

7    well in Missouri and Kansas: "the ancient remedy for damages subsists."); *Allen v. Batchelder*,

8    17 Mass. App. Ct. 453, 459 (Mass. App. Ct. 1984) (although champerty was not raised by the

9    parties, the court *sua sponte* awarded appellant legal fees incurred on appeal and double costs

10   where "bounty hunter in troubled titles" caused suit to be instituted by one without a legitimate

11   interest in title: the champertor brought the claim to attention; proposed to pay the costs of

12   mounting a legal campaign to assert the claim; and that he would share the net proceeds of

13   anything they realized from the litigation); *Breeden v. Frankfort Marine, Acci. & Plate Glass

14   Ins. Co.*, 220 Mo. 327, 379 (Mo. 1909) ("It is . . . settled law that a civil action for damages

15   resulting from maintenance will lie at common law, and on the principal that when an unlawful

16   act results in a particular wrong to a particular person the law, generally speaking, gives to such a

17   person a remedy by action against the wrongdoer, it seems that such an action can now be

18   maintained in those jurisdictions where maintenance is unlawful.") (internal quotations omitted);

19   *Berlin v. Nathan,* 64 Ill. App. 3d 940, 955 (Ill. App. Ct. 1st Dist. 1978) ("it is clear that at

20   common law an action in tort could be brought against one guilty of maintenance, and we see no

21   reason why the same rules should not apply to common barratry.") (citations omitted).

22          Properly alleged counterclaims that seek damages beyond the scope of the complaint are

23   not duplicative, and are not subject to dismissal. *See, e.g.*, *Travelers Cas. & Sur. Co. v.

24   Dunmore*, 2010 U.S. Dist. LEXIS 136456 (E.D. Cal. Dec. 14, 2010). In *Travelers*, the plaintiff

25   brought claims arising out of an indemnity agreement. The defendant pled an affirmative defense

26   and counterclaim seeking offset. *Id*. at *24. In the counterclaim, the defendant sought additional

27   costs and fees to offset any monies he may be found to owe plaintiff. *Id*. at *26. The court held

28   that the counterclaim was not subject to dismissal because the defendant sought not only a

1    defense to liability or a reduction in damages, but also liability on the part of the plaintiff. *Id.* at

2    *27. "If the court were to strike Dunmore's counterclaim, it would in essence be dismissing these

3    claims for relief without addressing their merits." *Id.* Similarly, in *Iron Mountain Sec. Storage*

4    *Corp. v. American Specialty Foods, Inc.*, 457 F.Supp. 1158 (E.D. Pa. 1978), the plaintiff sought a

5    declaration as to the parties' rights and obligations, including rights to certain payments, under

6    an option agreement. The defendant counterclaimed, alleging breach of the agreement and

7    seeking damages for the breach. *Id.* at 1161-62. The court held that the counterclaim was not

8    superfluous (and therefore not subject to dismissal) because it sought damages "beyond the

9    scope of the complaint." *Id.* at 1162; *see also LeMaster v. USAA Life Ins. Co.*, 1995 U.S. Dist.

10   LEXIS 17871, *8 (M.D. Fla. Nov. 27, 1995) (declining to strike counterclaim that sought

11   "affirmative relief of costs and equitable remedies as opposed to mere affirmative defenses

12   which are used to negate liability.").

13        The champerty counterclaim does more than merely restate Mr. Choudhry's affirmative

14   defense. First, it serves the purpose of ensuring adjudication of conduct that Mr. Choudhry is

15   aggrieved by – the illegality of Righthaven's champertous business model – that might not

16   otherwise be reached by an adjudication of the underlying copyright issues in this case. Second,

17   it seeks relief beyond the scope of the complaint. Champerty is a separate tort. Should Mr.

18   Choudhry prevail on his counterclaim for champerty, he would be entitled to damages, attorney's

19   fees, and other relief deemed proper by the court. Mr. Choudhry seeks not only a defense to

20   liability, but also seeks to affirmatively impose liability on Righthaven for its conduct. If the

21   court were to strike Mr. Choudhry's counterclaim, it would in essence be dismissing that claim

22   for relief without addressing its merits. For these reasons (either one of which renders the

23   counterclaim not subject to dismissal), the Court should deny Righthaven's motion to dismiss or

24   strike the second counterclaim for champerty.

25

26

27

28

1

**III.    CONCLUSION**

2

For the foregoing reasons, neither of Mr. Choudhry's counterclaims should be dismissed

3

or stricken.

4

5

Dated: March 7, 2011.                          RIDDER, COSTA & JOHNSTONE LLP

6

7

By:      /s/ Chris K. Ridder
                CHRIS K. RIDDER
                CA State Bar Number: 218691 (*pro hac vice*)

8

                Email: chris@rcjlawgroup.com
                RIDDER, COSTA & JOHNSTONE LLP

9

                12 Geary Street, Suite 701
                San Francisco, California 94108

10

                Telephone: (415) 391-3311
                Facsimile: (415) 358-4975

11

12

                CHAD A. BOWERS, LTD.

13

By:      /s/ Chad A. Bowers
                CHAD A. BOWERS

14

                Nevada State Bar No. 7283
                Email: bowers@lawyer.com

15

                CHAD A. BOWERS, LTD
                3202 West Charleston Boulevard

16

                Las Vegas, Nevada 89102
                Telephone: (702) 457-1001

17

18

                Attorneys for Defendant and Counterclaimant
                AZKAR CHOUDHRY and Defendant PAK.ORG.

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative

4   of Azkar Choudhry and Pak.org and that on this 7th day of March, 2011, I caused the

5   COUNTERCLAIMANT AZKAR CHOUDHRY'S OPPOSITION TO COUNTER-

6   DEFENDANT RIGHTHAVEN LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,

7   STRIKE COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P.

8   12(f) to be served by the Court's CM/ECF system.

9

10                                      RIDDER, COSTA & JOHNSTONE LLP
                                        By: /s/ Chris K. Ridder
11                                      Chris K. Ridder
                                        CA State Bar Number: 218691
12                                      (*pro hac vice*)
                                        12 Geary Street
13                                      Suite 701
                                        San Francisco, CA 94108
14

15                                      *Attorneys For Defendant and*
                                        *Counterclaimant Azkar Choudhry and*
16                                      *Defendant Pak.org*

17

18

19

20

21

22

23

24

25

26

27

28