UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>AZKAR CHOUDHRY, et al.,<br><br>        Defendants. | 2:10-CV-2155 JCM (PAL) |

**ORDER**

Presently before the court is defendants Azkar Choudhry's and Pak.org's motion to dismiss, or in the alternative, motion for judgment on the pleadings, or in the alternative, motion for summary judgment. (Doc. #9). The plaintiff has responded (doc. #23), and the defendants have replied (doc. #24).

Also before the court is plaintiff Righthaven's motion to dismiss, or in the alternative, motion to strike counterclaim. (Doc. #22). The defendants have responded (doc. #26), but to date the plaintiff has not replied.

Plaintiff Righthaven filed the instant complaint on December 13, 2010, alleging copyright infringement under 17 U.S.C. § 502. (Doc. #1). Plaintiff alleges that it is the current owner of the copyright in the illustration "Vdara death-ray" (doc. #1, ¶ 11), which was originally owned/published by the Las Vegas Review-Journal ("LVRJ"). Plaintiff alleges that on or about October 8, 2010, the defendants "displayed, and continue to display, an unauthorized reproduction of the Work . . . as part of the content accessible through the Domain. . . ." (Doc. #1 ¶ 14). As relief for the alleged

**James C. Mahan**
**U.S. District Judge**

1  infringement, plaintiff requests statutory damages with both pre- and post-judgment interest,
2  attorneys' fees, and for the registrar for the domain, GoDaddy, to lock the domain and transfer
3  control to Righthaven. The defendants have filed the instant motion attacking the complaint. (Doc.
4  #9).

5        In response, the defendants have alleged twenty defenses (*see* doc. #9, ¶¶ 43–62) and have
6  pleaded two counterclaims – (1) declaratory relief and (2) champerty. In the prayer for relief, the
7  defendants request attorneys' fees and damages. The plaintiff has filed the instant motion attacking
8  the counterclaims. (Doc. #22).

9  **I.     The Complaint (doc. #9)**

10       The complaint alleges one claim for relief, copyright infringement. Thus, to plead a prima
11 facie case, the plaintiff must allege: (1) ownership of the allegedly infringed material, and (2) that
12 the alleged infringers violated at least one exclusive right granted to the copyright holder. 17 U.S.C.
13 § 106, 501(a).

14       The defendants urge the court to: (1) dismiss the complaint under Federal Rule of Civil
15 Procedure 12(b)(6); (2) dismiss the complaint under Federal Rule of Civil Procedure 12(c); or (3)
16 find that the plaintiff has failed to prove their case as a matter of law under Federal Rule of Civil
17 Procedure 56, and grant summary judgment in favor of the defendants. Accordingly, the court
18 evaluates the motion under each of these standards.

19       A.     Defendants' Motion Under the Standard for Motions to Dismiss

20       A motion to dismiss filed after the pleadings is treated by this court as a motion for judgment
21 on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Federal Rule of Civil
22 Procedure 12(h)(2) authorizes this procedure, allowing a party to raise the defense of failure to state
23 a claim upon which relief may be granted even after an answer has been filed. *Id.* Thus, the court
24 evaluates the defendants' motion (doc. #9) as a motion for judgment on the pleadings under Rule
25 12(c). The same standard of review applies to a motion to dismiss under Rule 12(b)(6) and a motion
26 for judgment on the pleadings. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.
27 1989).

28

**James C. Mahan**
**U.S. District Judge**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Here, the court finds that the plaintiff has pled a prima facie case of copyright discrimination. First plaintiff has alleged that it owns the copyright in the disputed material and, second, that defendants infringed his exclusive right to reproduce the material. Accordingly, the court denies the motion insofar as it purports to be a motion to dismiss and evaluates it under the higher standard of a motion for summary judgment.

B. <u>Defendants' Motion Under the Standard for Summary Judgment</u>

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

i. *Inline Linking of Images*

Defendants' first argument in support of the motion is that the allegedly infringing act, as a matter of law, cannot constitute copyright infringement under Ninth Circuit precedent. In *Perfect 10, Inc. v. Amazon.com, Inc.*, the court held that "in-line linked images . . . do not constitute direct infringement of the copyright owner's display rights." 508 F.3d 1146, 1160–61 (9th Cir. 2007). Such images are described as being "HTML instructions that direct a user's browser to a website publisher's computer that stores the full-size photographic image." *Id.* at 1161. Thus, because a defendant using this technology does not store the photographic images on its computer, the

1  defendant would not have a "copy" of the images as that term is used in the Copyright Act." *Id.* at
2  1160.

3  Acknowledging that the process of "linking" may not constitute direct copyright infringement
4  under the *Perfect 10*, the court is unable to conclude, as a matter of law, that the technology at issue
5  here falls into the *Perfect 10* category. Specifically, the court is not an expert in "source code
6  authorship," and plaintiff Righthaven has contested both the authenticity of the source code (doc.
7  #9-2) and defendant Choudhry's statements relating to the source code (doc. #9-1). (*See* doc. #23,
8  p. 9). The court declines to grant summary judgment on the copyright infringement claim on the
9  basis of the rule articulated in *Perfect 10*.

10             ii.    *Volitional Act*

11  Second, defendants argue that Righthaven's copyright infringement claim must fail as a
12  matter of law because Righthaven cannot show that the defendants engaged in a volitional act. *See*
13  *Field v. Google, Inc.*, 412 F. Supp. 2sd 1106 (D. Nev. 2006) (holding that a plaintiff must show
14  volitional conduct on defendant's part to support finding of direct copyright infringement).
15  Specifically, defendants argue that the disputed "infographic" appeared through an "inline link"
16  generated by an "automated RSS feed" published by a third party website. (Doc. #9, p. 11). In
17  response, plaintiff has identified several disputed issues of material fact that plaintiff claims the court
18  is unable to resolve as a matter of law.

19  Defendants' argument as to volition depends on the court concluding that, as a matter of low,
20  the alleged infringement here was actually "inline linking." Having already held that the court cannot
21  make this determination as a matter of law, the court similarly cannot conclude that no volitional act
22  occurred. Additionally, the court finds the genuine issues of material fact cited by plaintiff
23  Righthaven at pages eleven to twelve of the response brief (doc. #23) apropos and declines to grant
24  summary judgment on this ground.

25             iii.   *Fair Use*

26  Plaintiff's final argument is that the case should be dismissed as a matter of law because the
27  alleged infringement constitutes fair use. The fair use doctrine is an affirmative defense to a claim
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

of infringement, which protects certain uses of a copyright. The court considers four factors to determine whether the use of a copyrighted work is fair: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. The four factors should be considered in light of the purposes of copyright to promote the progress of science and useful arts and to serve the welfare of the public. *Perfect 10.*, 508 F.3d at 1163.

"Fair use is a mixed question of law and fact. If there are no genuine issues of material fact, or if, even after resolving all issues in favor of the opposing party, a reasonable trier of fact can reach only one conclusion, a court may conclude as a matter of law whether the challenged use qualifies as a fair use of the copyrighted work." *Los Angeles News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1120 (9th Cir. 1997) (citing *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1150 (9th Cir.1986)). Here, weighing each of the four use factors and resolving all issues in favor of plaintiff Righthaven, the court finds that disputed issues of material fact exist for trial and denies the motion for summary judgment on this basis.

(a)     Purpose and Character of the Use

This first factor addresses whether the new work "replaces the object of the original creation or instead adds a further purpose or different character . . . [and] is 'transformative.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994)). This factor also requires the court to determine whether the new use is commercial or non-commercial. *Id.*

First, the court finds that defendants' use of the article is transformative. Although the former owner, the LVRJ, used the article for news-reporting, the court focuses on the current copyright owner's use, which is merely litigation-driven. Accordingly, defendants' use of the article to educate the public is transformative and does not constitute a substitution of the plaintiff's use. *See Perfect 10*, 508 F.3d at 1146 (discussing the effect of market substitution in relation to the first and fourth

1  factors).

2  However, the court finds that a dispute of fact exists as to whether the use here was
3  commercial or non-commercial. Defendant Choudhry admits in his declaration that the website does
4  make money, albeit not much. (Doc. #9-1 at 2 ¶ 13). Accordingly, the court finds that further
5  discovery is warranted under Rule 56(d).

6  (b)   Nature of the Copyrighted Work

7  The second factor considers the nature of the copyrighted work. "Works that are creative in
8  nature are 'closer to the core of intended copyright protection' than are more fact-based works."
9  *Napster*, 239 F.3d at 1016 (citing *Campbell*, 510 U.S. at 586). Where the disputed use can be
10 characterized as news-reporting, this factor weighs heavily in favor of a finding of fair use. *Los*
11 *Angeles News Serv.*, 108 F.3d at 1121.

12 Here, the court cannot conclude that a reasonable trier of fact could only reach one
13 conclusion as to the nature of the disputed article. Although it is an information work, it also displays
14 elements of creativity, for example, the title of the photo, which described the scene as a "death ray."
15 Although the defendants removed the title, the idea of the death ray was expanded upon in article
16 displayed on the defendant-website. Accordingly, the court cannot, as a matter of law, declare this
17 to be an informational work deserving less protection than a creative work of entertainment. *Sony*
18 *Corp. Of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 496–97 (1984). This is a disputed issue
19 of material fact that is more properly resolved at trial.

20 (c)   Amount/Substantiality

21 "The third factor considers whether the amount and substantiality of the portion used in
22 relation to the copyrighted work as a whole . . . are reasonable in relation to the purpose of the
23 copying." *Campbell*, 510 U.S. at 586. Although "wholesale copying does not preclude fair use per
24 se, copying an entire work militates against a finding of fair use." *Napster*, 239 F.3d at 1016 (internal
25 quotations omitted). Thus, under some circumstances, a court may determine that a use is fair even
26 where the protected work is copied in its entirety. *Id.* (citing *Sony*, 464 U.S. at 449–50).

27 Defendants argue that they have not engaged in wholesale copying, as the image displayed

28

James C. Mahan
U.S. District Judge

- 6 -

1  is only thirty percent the size of plaintiff's original work, and defendants' image omits the original.
2  Plaintiff retorts that the entire image was copied, albeit a smaller version. Finding some merit in both
3  arguments, the court declines to resolve this dispute on a motion for summary judgment, as it finds
4  that a reasonable jury could reach more than one conclusion on this issue.

(d)     Effect of the Use Upon the Potential Market

6  The fourth factor is the effect of the allegedly infringing use upon the potential market for
7  or value of the original, copyrighted work. *Campbell*, 510 U.S. at 590 (citing 17 U.S.C. § 107(4)).
8  The rationale behind the inclusion of this factor is that "[f]air use . . . is limited to copying by others
9  which does not materially impair the marketability of the work which is copied." *Harper & Row*
10 *Publishers*, 471 U.S. at 566–67.

11 First, the plaintiff has failed to allege that a "market" exists for its copyright at all, and the
12 court declines to simply presume the existence of a market. *See e.g., Field v. Google Inc.*, 412 F.
13 Supp. 2d 1106, 1121 (D. Nev. 2006) (declining to presume a market exists where the work was
14 offered for free in its entirety). Second, because Righthaven cannot claim the LVRJ's market as its
15 own and is not operating as a traditional newspaper, Righthaven has failed to show that there has
16 been any harm to the value of the copyright. *Cf. eBay v. MercExchange, LLC*, 547 U.S. 388 (2006)
17 (holding that courts should not broadly presume harm when issuing preliminary injunctions in the
18 patent context); *see Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) (extending *eBay* to the copyright
19 context and anchoring the irreparable harm analysis in equitable principles). Accordingly, the fourth
20 fair use factor weighs in favor of a finding of fair use.

(e)     Conclusion

22 As to the first three fair use factors, the court is unable to conclude that, as a matter of law,
23 each favors the defendants. Although the fourth factor does weigh against the plaintiff, that alone
24 is insufficient for the court to grant summary judgment on the basis of fair use.

25 C.    Domain Transfer

26 In the complaint's prayer for relief, plaintiff requests that the court "[d]irect GoDaddy, and
27 any successor domain name registrar for the Domain, to lock the Domain and transfer control of the

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  Domain to Righthaven. . . ." (Doc. #1). The defendants contend that such relief is not warranted
2  under the Copyright Act, and Righthaven has admitted this point in a brief filed in another case. *See*
3  *Righthaven v. Dibiase*, 2:10-cv-01343-RLH-PAL, Dkt 29 at 5:26–27 ("Righthaven concedes that
4  such relief is not authorized under the Copyright Act"). Accordingly, the court finds that
5  Righthaven's request for such relief fails as a matter of law.

6  **II.   The Counterclaim (doc. #22)**

7  Righthaven moves the court to dismiss or strike the defendants' declaratory relief
8  counterclaim as redundant of the claim for copyright infringement. Righthaven alleges that the court
9  has discretion to dismiss, under Rule 12(b)(6), a declaratory relief counterclaim which mirrors the
10 complaint or raises the same factual or legal issues as those placed at-issue in the pleadings.
11 *Englewood Lending, Inc. v. G&G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal.
12 2009). Alternatively, courts have stricken counterclaims under Rule 12(f), if those claims raise the
13 same facts or legal issues as those asserted in the pleadings, or which constitute a mirror image of
14 the original complaint. *See e.g., Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th
15 Cir. 1985) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely
16 restates an affirmative defense, or which seeks the opposite effect of the complaint, should be
17 stricken regardless of whether prejudice has been shown.").

18 Defendants respond that the court should not dismiss the counterclaim unless there is a
19 "complete identity of factual and legal issues between the complaint and the counterclaim." *Pettrey*
20 *v. Enter. Title Agency, Inc.*, 2006 U.S. Dist. LEXIS 83957, at *3 (N.D. Ohio Nov. 17, 2006).
21 Defendants allege that the counterclaims provide an avenue for defendants to define issues subject
22 to discovery, and that even dismissal of the complaint with prejudice is no substitute for adjudication
23 of the declaratory relief counterclaim. *See Castaline v. Aaron Muellers Arts*, 2010 U.S. Dist. LEXIS
24 13111, at *5 (N.D. Cal. Feb. 16, 2010) ("In the patent and trademark realm, courts have found that
25 counterclaims alleging patent or trademark invalidity should not be dismissed as redundant under
26 Rule 12(f).").

27 The court agrees with defendants and finds that the counterclaim is not redundant. Rather,
28

**James C. Mahan**
**U.S. District Judge**

defendants seek a declaration that would be substantially more detailed than a judgment on the claim of copyright infringement in the complaint; for example, defendants seek a declaration that the alleged infringement was actually an "inline link," which would not necessarily be encompassed in a general judgment in defendants' favor. The court declines to dismiss or strike the counterclaim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, or in the alternative, motion for judgment on the pleadings, or in the alternative, motion for summary judgment (doc. #9), is DENIED;

IT IS FURTHER ORDERED that plaintiff's motion to dismiss, or in the alternative, to strike the declaratory relief counterclaim (doc. #22) is hereby DENIED.

DATED May 3, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**