SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>          Plaintiff,<br><br>v.<br><br>AZKAR CHOUDHRY, an individual; and PAK.ORG, an entity of unknown origin and nature,<br><br>          Defendants. | Case No.: 2:10-cv-02155-JCM-PAL<br><br>**JOINT STIPULATION AND ORDER THAT THE FILING OF A DISCOVERY PLAN AND SCHEDULING ORDER BE STAYED WHILE THE PARTIES CONDUCT INFORMAL DISCOVERY**<br><br>*(First Request)* |
| AZKAR CHOUDHRY, an individual;<br><br>          Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>          Counter-defendant. | |

1

IT IS HEREBY STIPULATED BETWEEN Plaintiff and Counter-defendant Righthaven LLC ("Righthaven"), by and through its counsel, and Defendant and Counterclaimant Azkar Choudhry ("Mr. Choudhry") and Defendant Pak.org ("Pak.org," collectively with Mr. Choudhry known herein as the "Defendants" and together with Righthaven collectively known herein as the "Parties"), by and through their counsel, that the deadline to submit a formal Joint Discovery Plan and Scheduling Order (the "Discovery Order") required pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)") be stayed for sixty days following entry of this stipulation and order so that the Parties may engage in informal discovery efforts as set forth herein with regard to the issues of (i) inline linking, (ii) Righthaven's pre-suit investigation, and (iii) such other issues as the parties may mutually agree to.

On May 19, 2011, the Parties conducted the required Rule 26(f) discovery conference (the "Discovery Conference").  The Discovery Conference was attended by Shawn A. Mangano, Esq., of the law firm Shawn A. Mangano, Ltd., on behalf of Righthaven, and Chris K. Ridder, Esq., and Benjamin A. Costa, Esq., of the law firm Ridder, Costa & Johnstone LLP, on behalf of Defendants.  As a result of the Discovery Conference, the Parties have agreed to conduct informal discovery efforts targeted toward inline linking and Righthaven's pre-suit investigation. The Parties have agreed to conduct informal discovery in an attempt to expeditiously and cost effectively adjudicate this action.  The Parties' informal discovery efforts shall be conducted during the sixty-day period following entry of this stipulation and proposed order (the "Informal Discovery Period").

During the Informal Discovery Period, Righthaven shall conduct, diligently and in good faith, an evaluation to confirm that the HTML code at issue in this case merely contains a noninfringing inline link to the "death ray" infographic.  Righthaven shall retain an expert or non-testifying consultant to assist with its evaluation, and will inform Defendants, no later than two weeks following the entry of this stipulation and order, whether any information that is not already part of the record in this case is required to confirm/verify the issue of inline linking. Choudhry will respond promptly to Righthaven's reasonable requests for information and/or access to Mr. Choudhry's server.  If Righthaven verifies that the HTML code contains an inline

link to the allegedly infringing image, it will consider stipulating to noninfringement for direct copyright infringement as alleged in the Complaint and remove the issue of Mr. Choudhry's liability on this claim from the case, thereby narrowing the issues significantly at minimal cost to both parties.

Within fourteen (14) days prior to the close of the Informal Discovery Period, the Parties shall conduct a second discovery conference for the purpose of establishing applicable discovery deadlines and other cut-off dates for this action.

The Parties have engaged in significant motion practice, which has resulted in the Court identifying key areas at issue in this action. The motion practice engaged in by the Parties is summarized as follows:

1. On January 19, 2011, Defendants filed an Answer and Counterclaim (Doc. # 8) and a Motion to Dismiss, or, Alternatively, Motion for Judgment on the Pleadings, or, Alternatively, Motion for Summary Judgment (Doc. # 9, the "Motion to Dismiss").

    On February 16, 2011, Righthaven opposed Defendants' Motion to Dismiss (Doc. # 23). Righthaven additionally moved to dismiss or strike Mr. Choudhry's Counterclaim this same day. (Doc. # 22, the "Motion to Strike".)

2. Defendants subsequently replied to Righthaven's opposition (Doc. # 24) on March 2, 2011. On March 7, 2011, Mr. Choudhry opposed Righthaven's Motion to Strike. (Doc. # 26.)

3. On May 3, 2011, the Court entered an Order denying Defendants' Motion to Dismiss and further denying Righthaven's Motion to Strike. (Doc. # 27.)[1]

The Parties agree that they are authorized to make informal discovery requests to each other up to four weeks before the close of the Informal Discovery Period, with all responses to such requests to be delivered promptly to the opposing party, but in no event later than two

---

[1] Mr. Choudhry filed a Motion for Reconsideration of May 3, 2011, Order Denying in Part Defendants' and Counterclaimant's Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief can be Granted or, in the Alternative, for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, which this Court has yet to rule on.

3

weeks prior to the close of the Informal Discovery Period.  During the Informal Discovery Period, the Parties shall meet and confer concerning any discovery disputes prior to seeking any court intervention.

The Parties agree to submit a Discovery Order, as required by Rule 26, for Court approval within sixty (60) days following entry of this stipulation and order.  The timing of production for formal initial disclosures, made pursuant to Rule 26, shall be set forth in the Discovery Order.  All documents and other materials produced during the Informal Discovery Period shall be produced in native format during the Informal Discovery Period, and shall be re-produced as part of the parties' respective initial disclosures, as follows: multi-page TIFF format with Concordance load files, bates numbers and appropriate confidentiality designations - except for spreadsheet, database and other files that would be impractical to convert to TIFF (e.g., executable/server files), which will be produced in native format with appropriate descriptions and designations in a manner to be decided by the parties, and/or made available for inspection.  However, if Righthaven agrees to withdraw its claim for copyright infringement, the parties need not re-produce documents relevant only to that issue.

The Parties agree that only documents or other materials created or last modified after December 31, 2008, are relevant and within the scope of discovery for this action.  The Parties further agree to preserve all documents that may be relevant to this action and discoverable, during the Informal Discovery Period or otherwise.

The Parties agree that all materials produced during the Initial Discovery Period shall be deemed confidential, unless otherwise noted by the producing party, until such time as the Court enters a stipulated protective order, at which point the Parties will designate any restricted information in accordance with said Order.

///
///
///
///
///

Dated this 10th day of June, 2011.

| | |
|---|---|
| SHAWN A. MANGANO, LTD. | RIDDER, COSTA & JOHNSTONE LLP |
| By: /s/ Shawn A. Mangano<br>SHAWN A. MANGANO, ESQ.<br>Nevada Bar No. 6730<br>shawn@manganolaw.com<br>9960 West Cheyenne Avenue, Suite 170<br>Las Vegas, Nevada 89129-7701<br>Tel.: (702) 304-0432<br>Fax: (702) 922-3851 | By: /s/ Chris Ridder<br>CHRIS K. RIDDER, ESQ.<br>chris@rcjlawgroup.com<br>12 Geary Street, Suite 701<br>San Francisco, California 94108<br>Tel.: (415) 391-3311<br>Fax: (415) 358-4975 |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** June 13, 2011