1    CHRIS K. RIDDER
     CA State Bar Number: 218691 (*pro hac vice*)
2    Email: chris@rcjlawgroup.com
     RIDDER, COSTA & JOHNSTONE LLP
3    12 Geary Street, Suite 701
     San Francisco, California 94108
4    Telephone: (415) 391-3311
     Facsimile: (415) 358-4975
5
     CHAD BOWERS
6    NV State Bar Number: 7283
     Email: bowers@lawyer.com
7    CHAD A. BOWERS, LTD
     3202 West Charleston Boulevard
8    Las Vegas, Nevada 89102
     Telephone: (702) 457-1001
9
     Attorneys for Defendant and Counterclaimant
10   AZKAR CHOUDHRY and Defendant
     PAK.ORG.
11
                          UNITED STATES DISTRICT COURT
12
                              DISTRICT OF NEVADA
13

14   RIGHTHAVEN LLC, a Nevada limited liability          Case No. 2:10-cv-02155-JCM-PAL
     company,
15
              Plaintiff,
16                                                       **DEFENDANT AND**
     v.                                                  **COUNTERCLAIMANT AZKAR**
17                                                       **CHOUDHRY'S REPLY IN SUPPORT**
     AZKAR CHOUDHRY, an individual; and                  **OF MOTION FOR**
18   PAK.ORG, a corporation of unknown origin            **RECONSIDERATION OF MAY 3,**
     and nature,                                         **2011, ORDER DENYING IN PART**
19                                                       **DEFENDANTS' AND**
              Defendants.                                **COUNTERCLAIMANT'S MOTION**
20                                                       **TO DISMISS THE COMPLAINT FOR**
                                                         **FAILURE TO STATE A CLAIM UPON**
21   _____            **WHICH RELIEF CAN BE GRANTED**
                                                         **OR, IN THE ALTERNATIVE, FOR**
22   AZKAR CHOUDHRY, an individual,                      **JUDGMENT ON THE PLEADINGS**
                                                         **OR, IN THE ALTERNATIVE, FOR**
23            Counterclaimant,                           **SUMMARY JUDGMENT**

24   v.

25   RIGHTHAVEN LLC, a Nevada limited
     liability company,
26
              Counter-defendant.
27

28

1    Defendant and Counterclaimant Azkar Choudhry ("Mr. Choudhry") hereby replies in

2    support of his Motion for Reconsideration of the Court's May 3, 2011, Order denying in part

3    Defendants' motion to dismiss the Complaint, or in the alternative for summary judgment

4    (respectively, the "Motion for Reconsideration," and the "Order"). This Reply is supported by

5    the following Memorandum of Points and Authorities, the pleadings and papers on file in this

6    action, the Request for Judicial Notice (the "RJN") filed concurrently herewith, and any oral

7    argument the Court may allow.

8

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10   **I.    INTRODUCTION**

11   For the reasons discussed in Mr. Choudhry's Motion for Reconsideration, the inline

12   linking and volitional conduct defenses are separate and independent, as are the facts relating to

13   each. Inline linking describes the circumstance where a party (whether volitionally or not)

14   merely links to a copyrighted work such that the work is displayed in an end-user's web browser,

15   rather than hosting that work on its own server. Inline linking is noninfringing because the

16   linking party does not, as a matter of law, copy, modify, distribute or publicly display the work

17   when it does not host the work on its server. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146,

18   1160-1161 (9th Cir. 2007). Volition is different; it is an element of the plaintiff's claim in all

19   copyright cases. *See Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006) (a

20   "plaintiff must . . . show volitional conduct on the part of the defendant in order to support a

21   finding of direct copyright infringement."). Courts have routinely held that there is no volition

22   where content arrives at a defendant's website by virtue of an automated process. *See, e.g.,*

23   *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, 907 F. Supp. 1361, 1370 (N.D. Cal.

24   1995) (an "element of volition or causation . . . is lacking where a defendant's system is merely

25   used to create a copy by a third party."). In this case, Mr. Choudhry has submitted ample

26   evidence – distinct from the evidence he submitted in support of his inline linking defense – that

27   because the Make Magazine content arrived at his server by means of an automated process, he

28   engaged in no volitional conduct sufficient to give rise to a finding of direct copyright

infringement. This is true regardless of whether there was an inline link or not. Because the Court erred in holding that the volitional conduct analysis was dependent upon an evaluation of inline linking, and because there is no genuine dispute as to any material fact relevant to Mr. Choudhry's volitional conduct defense, the Court should reconsider its denial of Mr. Choudhry's summary judgment motion as to that issue.

## II.   ARGUMENT

### A.   The Defense Of Inline Linking Is Separate From And Unrelated To The Nonvolitional Conduct Defense.

In its Opposition, Righthaven attempts to muddy the waters regarding the issue presented in Mr. Choudhry's Motion for Reconsideration. The fact that Mr. Choudhry's conduct is noninfringing pursuant to more than one defense is irrelevant to the instant motion; Mr. Choudhry seeks reconsideration only as to the volitional conduct defense. In its Order of May 3, 2011, the Court ruled with respect to inline linking that the Court is not an expert in source code authorship, and that Righthaven had contested the authenticity of the HTML code submitted by Mr. Choudhry for the Court's consideration. [Order at 4.] Yet the HTML code and the other facts related to inline linking are irrelevant to the question of whether Mr. Choudhry's conduct was volitional. [Mot. for Recons. at 2-4.] Indeed, in analyzing volitional conduct, the Court should assume that the allegedly infringed work was actually copied to Mr. Choudhry's website, i.e., that inline linking did not occur. [Mot. for Recons. at 2.]

The defenses of inline linking (on the one hand) and the volitional conduct doctrine (on the other hand) are separate, unrelated, and independent grounds for concluding that Mr. Choudhry had no legal liability with regard to the allegedly infringing post that underlies this action. [Choudhry's Mot. to Dismiss at 8-15; Mot. for Recons. at 2-4.] Mr. Choudhry respectfully submits that the Court erred by failing to consider each defense, and the different evidence relevant to each defense, separately.

**B.      Mr. Choudhry Has Submitted Substantial Evidence Showing That He Engaged In No Volitional Conduct Related To The Allegedly Infringing Post.**

Mr. Choudhry has submitted substantial and uncontroverted evidence that he engaged in no volitional conduct sufficient to give rise to liability for direct copyright infringement. For example, Mr. Choudhry has submitted a sworn declaration stating, among other pertinent facts, that:

- The software that runs the GupShup forums, vBulletin, checks for new content published through the RSS feeds to which GupShup subscribes on a regular and fully automated basis. If it finds new RSS content on a feed to which GupShup subscribes, it automatically posts that content to GupShup without any modification to the underlying content, and without any human intervention. [Choudhry Decl. ¶ 15].

- On or about October 8, 2010, in response to Make Magazine's update to its RSS feed, GupShup's vBulletin software automatically posted the text of the Make Magazine blog post entitled *Can a Building Be a Sun-Death Ray? Yes!*, and hyperlinks to the two images referenced therein, to GupShup's "RSS:Gadgets" sub-forum. This post occurred without [Mr. Choudhry's] knowledge or intervention . . . [Choudhry Decl. ¶ 29].

- Due to the automated operation of the RSS feed, the Make Magazine post appeared in GupShup's "RSS:Gadgets" sub-forum without [Mr. Choudhry's] knowledge, prior review, or prior approval. [Choudhry Decl. ¶ 29].

- Due to the automated nature of the RSS feed, [Mr. Choudhry does] not know the content of any RSS-generated posts that appear on [his] server, at least until after they have been automatically posted to a GupShup sub-forum. [Choudhry Decl. ¶ 38].

In addition, Righthaven's own exhibit [Complaint, Ex. 2], shows that the title of the sub-forum to which the content was posted is "RSS:Gadgets," indicating that the content that appears therein is as a result of automated third-party RSS feeds. *See also*, Choudhry Decl. ¶ 16 (". . . of 82 separate forum categories, only 8 include sub-forums linked to RSS feeds.").

Finally, the fact that the allegedly infringing post, [Complaint, Ex. 2], is identical to the original Make Magazine blog post that generated the RSS feed in question, [Exhibit I to the Declaration of Benjamin A. Costa in support of Mr. Choudhry's Motion to Dismiss], further

1  supports the conclusion that Make, not Mr. Choudhry, was the source of the alleged infringement

2  in this case.

3        Mr. Choudhry has come forward with substantial evidence that demonstrates a lack of

4  volitional conduct on his part. Accordingly, even if there were no inline linking defense available

5  in this case, he is not liable for direct copyright infringement.

6        **C.    Righthaven Has Not Raised Any Dispute As To Any Material Fact Relevant
   To The Volitional Acts Doctrine, Nor Has It Demonstrated A Need For Discovery.**

7

8        As Righthaven points out, the Court denied Mr. Choudhry's summary judgment motion

9  not only on the erroneous ground that "Defendants' argument as to volition depends on the court

10  concluding that, as a matter of law, the alleged infringement here was actually 'inline linking,'"

11  but also because the Court found "the genuine issues of material fact cited by plaintiff

12  Righthaven at pages eleven to twelve of the response brief (doc. #23) apropos." [Order at 4.]

13  However, as to the latter ground, the Court did not specify whether some of all of the genuine

14  issues it identified were related to inline linking, or alternatively to volitional conduct. Because

15  the Court erred in holding that the volitional conduct defense depends upon an inline linking

16  analysis, it appears that some or all of the genuine issues identified by the Court (such as those

17  relating to the HTML code) were likely irrelevant to the volitional conduct analysis (and

18  therefore immaterial with respect to that defense). Because the Court should analyze volitional

19  conduct without regard to inline linking, only those facts relevant to volitional conduct need be

20  undisputed in order for the Court to grant summary judgment in Defendants' favor.

21        Righthaven has offered nothing to dispute the facts that relate to Mr. Choudhry's lack of

22  volition, beyond a list of generalized questions that in effect accuse (with no basis) Mr.

23  Choudhry of lying to the Court in his declaration. Such questions are insufficient to defeat

24  summary judgment. Vague doubts and suppositions that merely express an "unspecified hope of

25  undermining [Mr. Choudhry's] credibility" are insufficient to defeat a motion for summary

26  judgment. *Nat'l Union Fire Ins. Co v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather,

27  Righthaven "must come forward with 'specific facts showing that there is a genuine issue for

28

1   trial.'" *Matsushita Elec Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation

2   omitted). It has failed to do so.

3       Similarly, Righthaven's argument that there has not yet been any discovery in this case is

4   unavailing. A party seeking to prevent the grant of a motion for summary judgment and seeking

5   a continuance for discovery must show "(1) that they have set forth in affidavit form the specific

6   facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that

7   these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on*

8   *Behalf of the California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th

9   Cir. 1998) ("*Dept. of Toxic Substances*"); *see also, VISA Int'l Serv. Ass'n v. Bankcard Holders of*

10  *America*, 784 F.2d 1472, 1475 (9th Cir. 1986). Righthaven has made none of these showings.

11      Rule 56(d) provides a mechanism for nonmoving parties to request an opportunity to

12  pursue discovery, yet Righthaven failed to submit a declaration or affidavit pursuant to this Rule.

13  "Rule [56(d)] requires affidavits setting forth the particular facts expected from the movant's

14  discovery. *Failure to comply with the requirements of Rule [56(d)] is a proper ground for*

15  *denying discovery and proceeding to summary judgment.*" *Brae Transp., Inc. v. Coopers &*

16  *Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (emphasis added) (addressing Rule 56(d) at its

17  former location as Rule 56(f)).

18      Righthaven has failed to set forth any specific facts it might hope to elicit from further

19  discovery with respect to volitional conduct, has failed to show that any such facts exist, and has

20  failed to show that any such facts would be essential to resisting Choudhry's summary judgment

21  motion. Righthaven is obligated to do more than posit questions that appear generically relevant;

22  it must set forth specific facts that exist and/or that would preclude summary judgment pursuant

23  to the volitional acts doctrine if discovered. *See Family Home and Finance Ctr., Inc. v. Federal*

24  *Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). It has not done so.

25      Righthaven knows what an RSS feed is, and it knows that nonvolitional conduct is a valid

26  defense to a claim for direct copyright infringement. In a case currently pending in the District of

27  Colorado, in response to a defendant's motion to dismiss, filed before the parties had conducted

28  any discovery, Righthaven argued:

> Defendants' assertions, however, completely ignore that [defendant] selected and posted the Work on the Website without any due diligence as to its source by simply relying on content made available from a third party's website. Thus, *this is not a case where copyright protected content appeared on a defendant's website through subscription to an RSS feed or other service engaged to provide content*.

Request for Judicial Notice, Ex. A (Righthaven's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, *Righthaven LLC v. Tripso et al.*, Case No. 11-cv-00146-JLK, May 16, 2011 (emphasis added) (internal citations omitted)). Accordingly, Righthaven has acknowledged that content appearing "on a defendant's website through subscription to an RSS feed or other service engaged to provide content," precisely the issue in this case, is not a proper basis for asserting direct copyright liability. Moreover, the above-referenced filing was made by Righthaven in response to a motion to dismiss, before discovery had been propounded and before experts had been retained, yet Righthaven was quite capable of accurately assessing the presence or absence of a subscription-based RSS feed in that case.

Righthaven's apparent aim in the instant proceeding is to stave off defeat for long enough to conduct costly discovery against Defendants, whose only "transgression" is the legally immunized conduct of subscribing to a third-party's RSS feed, and to send the message to other Righthaven victims that standing up to even baseless claims of infringement is far more costly than settlement. Because Righthaven has failed to properly submit <u>any</u> evidence that would tend to contradict Mr. Choudhry's volitional conduct defense, Mr. Choudhry requests reconsideration and issuance of summary judgment in his favor.

III.     **CONCLUSION**

For the reasons set forth above, and in Mr. Choudhry's underlying Motion for Reconsideration, Mr. Choudhry respectfully requests that the Court reconsider its Order with respect to the volitional conduct defense.

Dated: June 13, 2011.                    RIDDER, COSTA & JOHNSTONE LLP


                                         By:     /s/ Chris K. Ridder
                                                 CHRIS K. RIDDER
                                                 CA State Bar Number: 218691 (*pro hac vice*)
                                                 Email: chris@rcjlawgroup.com
                                                 12 Geary Street, Suite 701
                                                 San Francisco, California 94108
                                                 Telephone: (415) 391-3311
                                                 Facsimile: (415) 358-4975

                                         CHAD A. BOWERS, LTD.

                                         By:     /s/ Chad A. Bowers
                                                 CHAD BOWERS
                                                 NV State Bar Number: 7283
                                                 Email: bowers@lawyer.com
                                                 3202 West Charleston Boulevard
                                                 Las Vegas, Nevada 89102
                                                 Telephone: (702) 457-1001

                                         Attorneys for Defendant and Counterclaimant AZKAR
                                         CHOUDHRY and Defendant PAK.ORG.

1

## CERTIFICATE OF SERVICE

2

3        Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative

4    of Azkar Choudhry and Pak.org and that on this 13th day of June, 2011, I caused the

5    DEFENDANT AND COUNTERCLAIMANT AZKAR CHOUDHRY'S REPLY IN SUPPORT

6    OF MOTION FOR RECONSIDERATION OF MAY 3, 2011, ORDER DENYING IN PART

7    DEFENDANTS' AND COUNTERCLAIMANT'S MOTION TO DISMISS THE COMPLAINT

8    FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN

9    THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS OR, IN THE

10   ALTERNATIVE, FOR SUMMARY JUDGMENT to be served by the Court's CM/ECF system.

11

12                                      RIDDER, COSTA & JOHNSTONE LLP
                                        By: /s/ Chris K. Ridder
13                                      Chris K. Ridder
                                        CA State Bar Number: 218691 (*pro hac vice*)
14                                      Email: chris@rcjlawgroup.com
                                        12 Geary Street, Suite 701
15                                      San Francisco, CA 94108
                                        Telephone: (415) 391-3311
16                                      Facsimile: (415) 358-4975

17
                                        *Attorneys For Defendant and Counterclaimant*
18                                      *Azkar Choudhry and Defendant Pak.org*

19

20

21

22

23

24

25

26

27

28