SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>AZKAR CHOUDHRY, an individual; and PAK.ORG, an entity of unknown origin and nature,<br><br>                    Defendants. | Case No.: 2:10-cv-02155-JCM-PAL<br><br>**COUNTER-DEFENDANT RIGHTHAVEN LLC'S REPLY TO COUNTERCLAIMANT AZKAR CHOUDHRY'S COUNTERCLAIM** |
| AZKAR CHOUDHRY, an individual;<br><br>                    Counterclaimaint,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                    Counter-defendants. | |

1

Counter-defendant Righthaven LLC ("Righthaven") hereby responds to the Counterclaim of Azkar Choudhry ("Choudhry"), which is contained in paragraphs 63 through 131 in his answer (Doc. # 8 at 8-16), as follows:

63. In responding to paragraph 63 of the Counterclaim, Righthaven denies the allegations contained therein.

64. In responding to paragraph 63 of the Counterclaim, Righthaven denies the allegations contained therein.

65. In responding to paragraph 65 of the Counterclaim, Righthaven admits the Court has subject matter jurisdiction over the copyright infringement allegations contained in the Complaint based on the operative agreements in place between the company and Stephens Media at least as of the time of this filing. Based on this response, Righthaven admits the Court has subject matter jurisdiction over Choudhry's Counterclaim.

66. In responding to paragraph 66 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

67. In responding to paragraph 67 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations. Righthaven additionally expressly denies Choudhry's assertion that any allegations made by him would equally apply to an entity that has not asserted any allegations contained in the Counterclaim.

68. In responding to paragraph 68 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

69. In responding to paragraph 69 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

70. In responding to paragraph 70 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that

basis denies such allegations. Righthaven, however, admits that the allegations contained in this paragraph, if true, reflect significant posts and page views for the Internet domain content (the "Website") that is alleged to have displayed a copyrighted work without authorization to do so.

71.     In responding to paragraph 71 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

72.     In responding to paragraph 72 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

73.     In responding to paragraph 73 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.  Righthaven, however, accepts Choudhry's admission in this paragraph that the Website generates revenue, whether or not this revenue ultimately results in his realization of any profit or income.

74.     In responding to paragraph 74 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

75.     In responding to paragraph 75 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

76.     In responding to paragraph 76 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

77.     In responding to paragraph 77 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.  Righthaven, however, accepts at least Choudhry's admission in this paragraph that the RSS feed sub-forums generate revenue for the Website.

78. In responding to paragraph 78 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations. Righthaven, however, accepts Choudhry's admission in this paragraph that viewers of the unauthorized display of the copyrighted work at issue in this case resulted in the Website receiving advertising revenue.

79. Righthaven admits the allegations contained in paragraph 79 of the Counterclaim.

80. Righthaven denies the allegations contained in paragraph 80 of the Counterclaim.

81. Righthaven denies the allegations contained in paragraph 81 of the Counterclaim.

82. In responding to paragraph 82 of the Counterclaim, Righthaven admits that one aspect of its business model is to enforce the exclusive rights granted under the Copyright Act of 1976 (the "Copyright Act") to protected works against corporations, partnerships, associations, individuals or other entities and unincorporated associations that infringe these exclusive rights. Righthaven denies the allegations contained in paragraph 81 of the Counterclaim. Righthaven denies all other allegations contained in paragraph 82 of the Counterclaim.

83. In responding to paragraph 83 of the Counterclaim, Righthaven admits that is seeks the recovery of statutory damages and attorney's fees infringement actions as expressly authorized under the Copyright Act. With regard to the surrender of Internet domains, Righthaven's currently asserts this relief by requesting an order requiring any defendant found liable for infringement turn over all hardware, software, electronic media and domains used to store, disseminate and display the unauthorized versions of any and all copyrighted works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64. Righthaven denies any and all remaining allegations in this paragraph.

84. In responding to paragraph 84 of the Counterclaim, Righthaven lacks sufficient information and belief as to the nebulous quantitative values and amounts employed by Choudhry to formulate a response to the allegations contained therein and on that basis denies such allegations.

85. In responding to paragraph 85 of the Counterclaim, Righthaven lacks sufficient information and belief as to the "market" Choudhry is referring to in the allegations contained

therein and on that basis denies such allegations.  Righthaven does license copyrighted works on a non-exclusive basis pursuant to its contractual relationship with Stephens Media, which does constitute a "market" for such works.  Righthaven denies all remaining allegations contained in this paragraph.

86.     In responding to paragraph 86 of the Counterclaim, Righthaven admits that as of the filing of the Counterclaim it had filed numerous copyright infringement cases, which likely exceeded 100 to 150 during the alleged timeframe.  These filings reflect the degree of rampant, serial acts of copyright infringement occurring on the Internet.  Righthaven denies all remaining allegations contained in this paragraph.

87.     In responding to paragraph 87 of the Counterclaim, Righthaven admits that it does not advise defendants of their infringing conduct before filing suit because these defendants have failed to comply with the requirements for pre-suit notice under the Digital Millennium Copyright Act (the "DMCA").  As such, Righthaven is not obligated to provide notice to such defendants before filing claims for copyright infringement.  Righthaven denies all remaining allegations contained in this paragraph.

88.     In responding to paragraph 88 of the Counterclaim, Righthaven admits that it does not use, or is it obligated to comply with, the notice provisions of the DMCA because, generally speaking, the defendants sued for copyright infringement have failed to comply with the requirements of the DMCA.  Righthaven denies all remaining allegations contained in this paragraph.

89.     In responding to paragraph 89 of the Counterclaim, Righthaven admits that one method employed to locate the display of unauthorized copyright protectable content is through Internet-related search means.  Righthaven denies all remaining allegations contained in this paragraph.

90.     In responding to paragraph 90 of the Counterclaim, Righthaven admits that it has on more than one occasion identified the display of unauthorized copyright protectable content, acquired the ownership of said content along with the right to sue for past, present and future infringements, obtained copyright registration of said content from the United States Copyright

Office, and then filed suit for infringement of the registered work.  On more than one occasion, such content has been obtained from Stephens Media, which owns the *Las Vegas Review-Journal*.  Righthaven denies all remaining allegations contained in this paragraph.

91.   In responding to paragraph 91 of the Counterclaim, Righthaven admits that it evaluates potential copyright infringement claims when appropriate circumstances are presented, identified or it is otherwise informed of them.  Righthaven denies all remaining allegations contained in this paragraph.

92.   In responding to paragraph 92 of the Counterclaim, Righthaven admits the allegations of this paragraph to the extent that additional appropriate circumstances exist that justify the company expanding its copyright infringement enforcement efforts to other media content providers, which is not limited to newspapers.   Righthaven denies all remaining allegations contained in this paragraph.

93.   Righthaven admits the allegations contained in paragraph 93 of the Counterclaim to the extent they are consistent with the allegations and the exhibits attached to the Complaint on file in this action.

94.   Righthaven admits the allegations contained in paragraph 94 of the Counterclaim to the extent they are consistent with the allegations and the exhibits attached to the Complaint on file in this action. Righthaven denies the allegations contained in this paragraph to the extent they inaccurately paraphrase the work's contents.

95.   Righthaven admits the allegations contained in paragraph 95 of the Counterclaim to the extent they are consistent with the allegations and the exhibits attached to the Complaint on file in this action. Righthaven denies the allegations contained in this paragraph to the extent they inaccurately paraphrase the work's contents.

96.   Righthaven admits the allegations contained in paragraph 96 of the Counterclaim to the extent they are consistent with the allegations and the exhibits attached to the Complaint on file in this action. Righthaven denies the allegations contained in this paragraph to the extent they inaccurately paraphrase these materials and related information.

97. Righthaven admits the allegations contained in paragraph 97 of the Counterclaim to the extent they accurately paraphrase the content contained in any referenced exhibits attached to the Complaint on file in this action. Righthaven denies the allegations contained in this paragraph to the extent they inaccurately paraphrase these materials or the allegations contained in are derived from sources other than the exhibits attached to the Complaint.

98. In responding to paragraph 98 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

99. In responding to paragraph 99 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

100. Righthaven denies the allegations contained in paragraph 100 of the Counterclaim.

101. Righthaven denies the allegations contained in paragraph 101 of the Counterclaim.

102. Righthaven denies the allegations contained in paragraph 102 of the Counterclaim.

103. Righthaven denies the allegations contained in paragraph 103 of the Counterclaim.

104. Righthaven denies the allegations contained in paragraph 104 of the Counterclaim.

105. In responding to paragraph 105 of the Counterclaim, Righthaven asserts that a formal response is not required.  To the extent a formal response is required, Righthaven incorporates its prior responses to each and every paragraph incorporated therein.

106. Righthaven admits the allegations contained in paragraph 106 of the Counterclaim to the extent they accurately reflect the contents of the Complaint on file herein.

107. Righthaven denies the allegations contained in paragraph 107 of the Counterclaim.

108. Righthaven denies the allegations contained in paragraph 108 of the Counterclaim.

109. Righthaven denies the allegations contained in paragraph 109 of the Counterclaim.

110. Righthaven denies the allegations contained in paragraph 110 of the Counterclaim.

111. Righthaven denies the allegations contained in paragraph 111 of the Counterclaim.

112. Righthaven denies the allegations contained in paragraph 112 of the Counterclaim.

113. Righthaven denies the allegations contained in paragraph 113 of the Counterclaim.

114. Righthaven denies the allegations contained in paragraph 114 of the Counterclaim.

115. Righthaven denies the allegations contained in paragraph 115 of the Counterclaim.

116. Righthaven denies the allegations contained in paragraph 116 of the Counterclaim.

117. Righthaven denies the allegations contained in paragraph 117 of the Counterclaim.

118. Righthaven denies the allegations contained in paragraph 118 of the Counterclaim.

119. Righthaven denies the allegations contained in paragraph 119 of the Counterclaim.

120. In responding to paragraph 120 of the Counterclaim, Righthaven asserts that a formal response is not required. To the extent a formal response is required, Righthaven incorporates its prior responses to each and every paragraph incorporated therein.

121. Righthaven denies the allegations contained in paragraph 121 of the Counterclaim.

122. In responding to paragraph 122 of the Counterclaim, Righthaven admits that it was properly assigned ownership of the work along with, among other things, the right to sue for past infringement of the work by Stephens Media, after the work was displayed without authorization on the Website. Righthaven denies all other allegations in this paragraph.

123. In responding to paragraph 123 of the Counterclaim, Righthaven admits the unauthorized display of copyright protectable content is brought to its attention from, among other sources, Internet-based searches performed by the company. This, however, is not the exclusive means that potential acts of copyright infringement are brought to the company's attention. Righthaven denies all other allegations in this paragraph.

124. In responding to paragraph 124 of the Counterclaim, Righthaven believes, but cannot formally admit the allegations in this paragraph without locating and referencing additional materials and on this basis denies, that it located Choudhry's unauthorized display of the work at issue in this case.

125. In responding to paragraph 125 of the Counterclaim, Righthaven admits the allegations contained therein to the extent such a response is consistent with its prior responses. In so responding, Righthaven notes the allegations contained in this paragraph are duplicative and repetitious of numerous other paragraphs contained in Choudhry's Counterclaim. To the extent Righthaven's response is inconsistent with is prior responses set forth in this reply, it denies the allegations of this paragraph.

126. In responding to paragraph 126 of the Counterclaim, Righthaven admits the allegations contained therein to the extent such a response is consistent with its prior responses. In so responding, Righthaven notes the allegations contained in this paragraph are duplicative and repetitious of numerous other paragraphs contained in Choudhry's Counterclaim. To the extent Righthaven's response is inconsistent with is prior responses set forth in this reply, it denies the allegations of this paragraph.

127.	In responding to paragraph 127 of the Counterclaim, Righthaven admits the allegations contained therein to the extent such a response is consistent with its prior responses. In so responding, Righthaven notes the allegations contained in this paragraph are duplicative and repetitious of numerous other paragraphs contained in Choudhry's Counterclaim.  To the extent Righthaven's response is inconsistent with is prior responses set forth in this reply, it denies the allegations of this paragraph.

128.	In responding to paragraph 128 of the Counterclaim, Righthaven admits the allegations contained therein to the extent they accurately paraphrase and characterize the contractual rights, responsibilities, obligations and legal implications of its Strategic Alliance Agreement (the "SAA"), the Clarification and Amendment to Strategic Alliance Agreement (the "Clarification") and the Amended and Restated Strategic Alliance Agreement (the "Restated Amendment"), all of which have been made publicly available through filings in this judicial district.  Righthaven denies all remaining allegations in this paragraph.

129.	In responding to paragraph 129 of the Counterclaim, Righthaven admits the allegations contained therein to the extent they accurately paraphrase and characterize the contractual rights, responsibilities, obligations and legal implications of the SAA, the Clarification, and the Restated Amendment, all of which have been made publicly available through filings in this judicial district.  Righthaven denies all remaining allegations in this paragraph.

130.	In responding to paragraph 130 of the Counterclaim, Righthaven lacks sufficient information and belief to formulate a response to the allegations contained therein and on that basis denies such allegations.

131.	In responding to paragraph 131 of the Counterclaim, Righthaven denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

Righthaven asserts the following affirmative defenses against the Counterclaim:

1.	The Counterclaim fails to state a claim for relief upon which can be granted.

     2.    Choudhry is barred from obtaining the requested relief by the doctrine of unclean hands.

     3.    Choudhry is barred from obtaining the requested relief under the doctrine of laches.

     4.    Choudhry is barred from obtaining the requested relief because he has violated the exclusive rights granted under the Copyright Act.

     5.    Righthaven reserves its right to assert additional affirmative defenses to the Counterclaim as permitted under the Federal Rules of Civil Procedure or pursuant to other applicable authority.

WHEREFORE, Righthaven respectfully requests that the Court deny Choudhry each and every aspect of the relief requested under the Counterclaim.

Dated this 15th day of July, 2011.

                                SHAWN A. MANGANO, LTD.

                                By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 15th day of July, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*