UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited liability company,

        Plaintiff,

v.

AZKAR CHOUDHRY, et al.,

        Defendants.

2:10-CV-2155 JCM (PAL)

**ORDER**

Presently before the court is defendant Azkar Choudhry's motion to reconsider (doc. #28) this court's May 3, 2011, order denying his motion to dismiss, or in the alternative, motion for judgment on the pleadings, or in the alternative, motion for summary judgment (doc. #9). Plaintiff Righthaven LLC has filed a response (doc. #29), and the defendant has filed a reply (doc. #32).

Reconsideration of a court order requires: (1) a valid reason for revisiting the prior order; and (2) facts or law of a strongly convincing nature so as to warrant reversal of the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180 (D. Nev. 2003). For example, reconsideration may be warranted "if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004).

The defendant argues that this court has committed clear error by co-mingling his volitional act and in-line linking defenses. Specifically, defendant asserts this court erred by determining that "[d]efendant's argument as to volition depends on the court concluding that, as a matter of [law], the

**James C. Mahan**
**U.S. District Judge**

1  alleged infringement here was actually 'in-line linking.'" (Order dated May 3, 2011, p. 4).  The
2  defendant further argues that "[b]ecause the facts regarding inline linking are not relevant to the
3  volitional conduct analysis, the [c]ourt also erred to the extent its finding that Righthaven raised
4  genuine issues of material fact was based on those facts relevant to inline linking, rather than the
5  narrow subset of undisputed facts relevant to volition."  (Doc. #28, p. 5).

6       This court acknowledges that it does not appear that the showing of a volitional act relies
7  upon the existence of in-line linking.  However, to the extent that this court's previous order (doc.
8  #27), may have been premised on that conclusion, it is wholly irrelevant for purposes of the present
9  motion.  That is, this court had previously determined that the plaintiff has raised several genuine
10 issues of material fact regarding the defendant's conduct with respect to the RSS feed in question.
11 For example, plaintiff has raised the following issues regarding the RSS feed, among others, in its
12 reply:

13     6) What editorial control did [d]efendants have over the content that appeared on their
14     [w]ebsite?
15     7) What interaction did the alleged RSS feed have with the [w]ebsite?
16     8) Assuming the [w]ebsite had interaction with the RSS feed, what control did the
17     [d]efendants have over this interaction?
18     12) What are the subscription service terms for the RSS feed allegedly used to display the
19     unauthorized copy of the [w]ork?
20     13) How was the RSS feed allegedly used to display the unauthorized copy of the [w]ork
21     selected by [d]efendants?
22     15) Did the unauthorized copy of the [w]ork appear on [d]efendant's [w]ebsite as alleged in
23     paragraph 29 of Choudry's declaration?
24     16) When did [d]efendants subscribe to Make Magazine's RSS feed and what was disclosed
25     prior to or in connection with their subscription?
26 Doc. # 23, p. 11-12.
27
28

The court understands defendant's position that in-line linking and volitional conduct are two separate defenses. However, this court cannot conclude, as a matter of law, that the presence of an RSS feed unequivocally absolves a defendant of any and all liability for potential copyright infringement. This court lacks the expertise required to determine when or how an individual may modify or otherwise alter the behavior of an RSS feed, if at all. As such, the court cannot make a legal determination on the consequences of any such modifications. The issues raised by plaintiff in its reply seem to share the same concern and, accordingly, plaintiff seeks discovery on the defendant's control and use of the RSS feed that allegedly displayed the copyrighted image.

Defendant cites to a case in this district which, he claims, demonstrates that an individual may never be held liable for direct copyright infringement on a volitional conduct basis if the copying was an automated response to a user's request. (Doc. #28, p.2) (*citing Field v. Google Inc.,* 412 F. Supp. 2d 1106 (D. Nev. 2006)). However, at issue in that case was the use of Google's automated search bot and the retention of information found in caches that was automatically accessible by end users. Here, the issue is with respect to the function and use of an RSS feed, not a search engine. It is not clear to the court at this time that the two are functionally equivalent as far as the relevant legal doctrine is concerned. Because this court lacks the required technical expertise to resolve that question, the court cannot rule, as a matter of law, that the defendant is not liable at this juncture.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Choudry's motion for reconsideration (doc. # 28) be, and the same hereby is, DENIED.

DATED July 21, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE