UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC,<br><br>        Plaintiff,<br>    v.<br><br>AZKAR CHOUDHRY and PAK.ORG,<br><br>        Defendants. | Case No. 2:10-cv-02155-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion for Judgment on the Pleadings – dkt. no. 43) |
| AZKAR CHOUDHRY,<br><br>        Counterclaimant,<br>    v.<br><br>RIGHTHAVEN LLC,<br><br>        Counter-defendant. | |

**I.   SUMMARY**

Before the Court is Defendants Azkar Choudhry and Pak.org's Motion for Judgment on the Pleadings. (Dkt. no. 43.) Based on the reasoning set forth below, Defendants' Motion is granted.

**II.   BACKGROUND**

Plaintiff Righthaven LLC filed this copyright infringement suit on December 13, 2010, alleging that Defendants violated Righthaven's copyright when a newspaper graphic purportedly owned by Righthaven appeared in an online forum maintained by Defendants. The Court previously denied Defendants' Motion to Dismiss and Plaintiff's

Motion to Dismiss Defendants' declaratory judgment counterclaim, ruling that material questions of fact remain as to the details of the purported infringement. (*See* dkt. no. 27.) Thereafter, a significant amount of time passed without any court activity in the case, leading the Court to require a status report from Righthaven as to the status of the litigation. (*See* dkt. no. 39.) Righthaven did not respond. Shortly thereafter, the Court granted the motion to withdraw of Righthaven's counsel, Shawn A. Mangano. (*See* dkt. no. 41.)

Defendants now move for judgment on the pleadings in light of new revelations concerning the nature of Righthaven's purported ownership over the relevant copyright and Righthaven's failure to prosecute this action, as well a recently decided Ninth Circuit opinion relevant to Righthaven's standing to prosecute this action. (*See* dkt. no. 43.) Since this litigation advanced to discovery after the Court's denial of the parties' competing motions to dismiss, the Court construes this Motion as a request for summary judgment.

**III.   LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at

1  trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l
2  Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).  In evaluating a summary
3  judgment motion, a court views all facts and draws all inferences in the light most
4  favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793
5  F.2d 1100, 1103 (9th Cir. 1986).

6  The moving party bears the burden of showing that there are no genuine issues
7  of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In
8  order to carry its burden of production, the moving party must either produce evidence
9  negating an essential element of the nonmoving party's claim or defense or show that
10  the nonmoving party does not have enough evidence of an essential element to carry its
11  ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210
12  F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements,
13  the burden shifts to the party resisting the motion to "set forth specific facts showing that
14  there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The nonmoving party
15  "may not rely on denials in the pleadings but must produce specific evidence, through
16  affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME*
17  *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show
18  that there is some metaphysical doubt as to the material facts."  *Orr v. Bank of Am.*, 285
19  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a
20  scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*,
21  477 U.S. at 252.

22  **IV.    DISCUSSION**

23  In their Motion, Defendants represent that the Court's previous denial of its motion
24  to dismiss occurred before it became clear that Righthaven did not own the copyrights at
25  issue and did not have standing to bring a copyright action. Informal discovery
26  conducted after the Court's order denying the parties' competing motions to dismiss
27  broke down in July 2011, when Righthaven ceased communications with Defendants
28  and ceased prosecuting this action.  At around that time, Defendants represent that

1  Righthaven's operating agreement with Stephens Media, the publisher of the newspaper
2  that printed the subject graphic, was released.  As this Court on numerous occasions
3  has held, and as the Ninth Circuit recently decided, that operating agreement revealed
4  that Righthaven did not own the copyright at issue in this case and was not an exclusive
5  licensee of Stephen Media's copyrights; therefore, it has no standing to bring an
6  infringement action.  *See Righthaven LLC v. Hoehn*, --- F.3d. ---, No. 11-16751, 2013
7  WL 1908876 (9th Cir. May 9, 2013) ("Righthaven was not the owner of any exclusive
8  rights under the Copyright Act. It therefore lacked standing to sue for infringement.");
9  *see, e.g.*, *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 976
10 (D. Nev. 2011) ("Because the [operating agreement with Stephens Media] prevents
11 Righthaven from obtaining any of the exclusive rights necessary to maintain standing in
12 a copyright infringement action, the Court finds that Righthaven lacks standing in this
13 case."). Accordingly, Righthaven's suit must be dismissed with prejudice, for it cannot
14 demonstrate an essential element of a copyright infringement action required in order to
15 prosecute this action.  *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137,
16 1144 (9th Cir. 2008) ("Under copyright law, only copyright owners and exclusive
17 licensees of copyright may enforce a copyright or a license.").

18 The Court notes Righthaven's failure to respond to this Motion constitutes consent
19 to its granting.  *See* Local Rule 7-2(d).  Indeed, Righthaven's failure to prosecute this
20 action and failure to respond to the Court's July 12, 2012, Order itself justifies granting
21 Defendants' Motion.  *See, e.g.*, *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th
22 Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan,* 779
23 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply
24 with local rules).

25 ///
26 ///
27 ///
28 ///

**V.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (dkt. no. 43) is GRANTED. Judgment shall be in entered in favor of Defendants, and the case closed.

DATED THIS 24th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE